BOYD ET AL. *vs.* HUNTER.

| 44 | 705 |
|-----|-----|
| 137 | 591 |

[BILL IN EQUITY BY WIDOW, AFTER ALLOTMENT OF DOWER, AGAINST HUSBAND'S ADMINISTRATORS AND THEIR TENANTS, TO RECOVER RENTS OF LANDS LEASED BY HUSBAND BEFORE THE MARRIAGE AND HIS DEATH, AND AFTERWARDS LEASED BEFORE ALLOTMENT OF DOWER BY ADMINISTRATORS.]

1. *Bill in chancery; what, not without equity.*—A bill in chancery by the widow to recover the rents of her dower interest from the death of the husband to the assignment of her dower, is not objectionable for want of equity.

2. *Same; what not multifarious.*—It is not multifarious, because a demand for the rents derived from a lease made by the husband is joined with a claim for rents against the administrators personally, accrued before and after the allotment of dower.

3. *Same; in what suit, heirs of decedent, are not necessary parties defendant.*—The heirs at law of the decedent are not necessary parties defendant with the administrators, to a suit against the latter by the widow for the rents of her dower interest after its assignment.

4. *Same; what not misjoinder of parties.*—Nor is it a misjoinder of parties to unite the tenants of the administrators with them as defendants.

5. *Same; when equity will settle matters of account which are enforceable at law.*—The jurisdiction of equity having attached, that court will complete justice between the parties by settling an account for rent due by the tenants, up to the termination of the defendant's possession, although such rents might be recovered at law.

6. *Administrators, how liable for rents to dowress.*—The administrators, in this case, are liable as such for the rents accrued under the husband's lease, and personally for those arising under the lease made by them.

7. *Administrators' tenants of; how liable to dowress for rents.*—The tenants of the administrators are liable to the dowress for the rents not paid by them at the date of the assignment of dower, and for such as may afterwards accrue during the continuance of their possession.

8. *Estate for years; how effects a title of dower.*—An estate for years interposes no impediment to a title of dower, and if rents be reserved to the use of the husband the widow is entitled, upon endowment, to a proportionate part of such rent.

APPEAL from Chancery Court of Dallas.
Heard before Hon. W. B. WOODS.

The facts upon which the decision is based are sufficiently stated in the opinion.

WATTS & TROY, and W. E. BOYD, for appellants.—There was no equity against Boyd and Milhouse, as administrators of Hunter, because complainant was not entitled, *as dower*, to any portion of the rent for 1866.

Jno. S. Hunter, *before his marriage with complainant*, had leased the lands for *one year*. He had conveyed his present estate in the lands, and only had an estate in reversion after the termination of the lease, *at the time of his marriage ;* and during the *coverture* he continued to have *only* an estate in reversion.

This lease, made before marriage, was binding on the subsequent wife, and on the death of the husband the surviving wife became dowable only of the estate in reversion, and took that subject to the lease made before the marriage.

See Scribner on Dower, 1 vol., p. 567, § 22. The *note* taken for the use of the real and personal property was not *real* estate, of which the wife was dowable. If she was entitled to any portion of the proceeds of this note, she was entitled to it by virtue of the statute of distributors, *as of personal property* belonging to her husband's estate. Equity had no jurisdiction over this, on the facts stated in this bill. Boyd and Milhouse were not liable to her for the rents of 1867. They did not occupy or use the lands of which she was dowable. She had her dower assigned in these lands in the early part of 1867, and whoever occupied the parts assigned to her was responsible to her for rent or use and occupation, and for this she had a complete remedy at law. She could, therefore, have sued S. Hunter and Riggs at law for the rent of that portion of her dower interest. She had a complete remedy against them, and none against Boyd and Milhouse for the year 1867.

Hunter and Riggs could, therefore, have legally paid to her the rent of her dower lands, and Boyd and Milhouse had no right to collect of them the rent.—See *English v. Key, supra.*

The bill was multifarious, even if it contained equity, because there was no propriety in making Boyd and Mil-

house parties in both their individual and representative capacities.—See Story Eq. Pl.

Boyd and Milhouse had no connection with Hunter and Riggs in any liability for the rent of her dower land in 1867, and for these two reasons the bill was multifarious as to them.

· It was multifarious, because, if Boyd and Milhouse were proper parties and liable in equity to complainant, still there was no equity as to S. Hunter and Riggs, and they should not have been joined as defendants to the bill.

The rents of 1866 and 1867 were, as presented in this bill, *separate* and *distinct* matters, which had no connection with each other.

There was no *joint* liability between Boyd and Milhouse, and Hunter and Riggs, as to the rents of her dower lands for 1867, and Hunter and Riggs were certainly not liable in any aspect of the case for the rents of 1866. The account of the rents for 1866 could have been taken without any reference to those of 1867 ; they were not at all connected with each other.

The bill is therefore multifarious, by joining parties wholly unconnected with each other, and because separate and distinct matters, wholly disconnected, are joined in the same bill.—See *Bean v. Bean's Adm'r.*, 37 Ala. 17 ; *Mecham v. Williams*, 9 Ala. 841 ; *Colburn v. Broughton*, 9 Ala. 351 ; *McIntosh v. Alexander*, 16 Ala. 87, and authorities therein cited ; *Felder v. Davis*, 17 Ala. 418.

The bill ought to have been dismissed for non-joinder of the heirs of John S. Hunter, *if the widow was entitled to any share of the rents of* 1866, *as dower.*

Now, the rent for 1866 was either *personal* assets of the estate of J. S. Hunter, or it constituted a part of his *real estate.* If it, by reason of the lease to McArthur & Co., before his marriage with complainant, had become severed from the *realty*, and thus become a part of his *personal* assets, in the hands of his administrators, then, it is too clear for argument, that the only claim the widow could have to any share of these rents, was as a distributee in the estate, under the statutes of Alabama, and she was not entitled to any share of it as dower.

If, on the other hand, the rent for 1866 was still to be considered as a part of J. S. Hunter's real estate, so as to entitle his widow to a share of it as dower, then it is equally clear that no decree could legally be made, allowing her a share of it as dower, without having the heirs of J. S. Hunter before the court. If this rent was *realty*, it belonged to the heirs, subject to the widow's dower, and not to the personal representatives, Boyd and Milhouse; and Boyd and Millhouse did not and could not represent legally the heirs of J. S. Hunter as to any portion of the realty belonging to his estate. The rights of the heirs can never be legally divested, unless they are before the court.—See *Kennedy v. Kennedy*, 2 Ala. 573 ; *Bonduraut v. Sibley's Heirs*, 37 Ala. 565 ; *Batre v. Auze*, 5 Ala. 173 ; *Jennings v. Jenhus*, 9 Ala. 286.

In this aspect of the case, the failure to make the heirs of J. S. Hunter parties defendant, was a fatal defect to the bill.—See *Kennedy v. Kennedy*, 2 Ala. 573 ; *Batre v. Auze*, 5 Ala. 173 ; *Phillips v. Threadgill*, 37 Ala. 93 ; *Gould v. Hays*, 19 Ala. 438 ; *Moore v. Murrah*, 40 Ala. 573.

The decree (joint decree) requiring Wm. E. Boyd and Franklin S. Milhouse, in their individual and personal capacity, to pay the rent for 1867, cannot be sustained. If they were liable at all for the rent of 1867, they were liable in their *representative* character. There is nothing in the proof to make them liable personally.

After her assignment of dower, if Hunter and Riggs did not rent *subject to her dower*, Boyd and Milhouse could not have legally recovered of Hunter and Riggs the part of the rent due to her. They could have successfully defended against a suit brought by Boyd and Milhouse to the extent of her right.—See *English v. Key*, 39 Ala., *supra*.

But, although Mrs. Hunter may be entitled to one-third of the rents after the termination of the lease to McArthur & Co., until the actual assignment of her dower, from 1st January to 1st April, 1867, yet out of whom must she obtain this rent ? She cannot make Boyd and Milhouse liable for it, either in their representative capacity, or in their individual capacity, unless they occupied the lands, or collected the rents, before the commencement of

this suit. She can only look to the persons who occupied the lands assigned her as dower.

The proof very strongly shows that she could have rented her dower lands, after they were assigned to her, on quite as good terms as at an earlier time of the year; and this is proven by her own witnesses.

But, going back to the point as to whether Mrs. Hunter is entitled to a part of the rent of 1866 as dower; let us examine a little further her right in this respect. We know that the old books hold that rents savor of the realty, and that widows are entitled to a share of them as dower. And if a man made a lease of his lands for years, reserving rent, and afterwards take wife, and then die, the wife surviving (it is said in the old books) shall be dowable of the lands so leased, after the termination of the lease, and also of the rents, from the death of the husband.

Why was it so held in the old books? Under the fœudal system, rents were paid in kind of the products of the soil. The rents *reserved*, under a lease for a term of years, were to be paid in the products of the soil, as they were annually made ; and hence they were said to savor of the realty, and in some respects to be considered as realty. They descended to the heir, and not to the personal representative of the intestate, and the widow was said to be dowable of them as of the realty.

But with the change of times, new kind of leases are made. When rents are payable in money, or where a separate note or bill is taken for the rent, under a lease for years, and the suit is not merely reserved, in the contract of lease, then, in all such cases, the rents are severed from the realty, and become personal assets, which go to the personal representative, and not to the heirs on the death of the intestate.—Williams on Executors, on top page, 696, marg. p. 697. He uses this language : "If the rent be *reserved for years*, and be *severed* from the reversion, it may then go to the executor or administrator, although the reversion goes to the heir."

This lease to J. McArthur & Co., was made before the marriage of Mrs. Hunter to John S. Hunter, and a promissory note, providing for the payment of $11,000 00 for

the use of the lands and personal property ; the note was in his possession at the time of his death. This note was separate from the deed of lease, in which rent is reserved for two more years if the lessees choose to hold under it. Now, is not the very act of taking the promissory note for the rent of 1866, a severance of the rent from the realty ? Does not this note go to the administrators of Hunter, and not to his heirs ? This rent note did not become due until after the death of Hunter. If it had become due before his death, it is clear on all the authorities, that as between the heirs and the personal representatives, the note would have gone to the personal representative.

Now, if this note descended to the heirs, (and it is only in this court that the widow can be dowable of any part of it,) then, how could she have a right to come into a court of equity to recover any part of it from the administrators, who have collected it since it matured ? Why could she not recover it in a suit at law, as for money had and received by Boyd and Milhouse to her use ? When one person has money in his possession, which, *ex equo et bono*, belongs to another, the latter has a full and complete remedy at law for its recovery.—See *Hitchcock v. Lukins*, 8 Porter, 333. If this be true, then the bill is without equity, as to the rents of 1866.

Suppose John S. Hunter had received this rent for 1866 in advance, and had this identical money in hand at his death, could the widow be dowable of the money ? The money would be the representative of the rent of the land. Is it not clear that the reception of the money, although it remained in hand at his death, was a severance of the rent from the realty, and be considered as personal assets in the hands of the administrators ? Could the heirs have laid any claim to it as against the executors ? It seems to us clear, that it would have belonged to the administrators. Now, when a promissory note, or bill of exchange, is taken for the rent, is not this as much a severance from the realty as the taking of bank bills—money ?

But whatever may have been the doctrine of the common law as to the right of the widow to dower, we insist that the statutes of Alabama must govern, and that under these

statutes and our decisions, the widow is not entitled to *dower in rents*. All that she can possibly recover is *mesne profits*, as damages from the time of her husband's death to the time of actual assignment of dower, in the hands to which she is entitled as dowress. Her right to *mesne profits* as damages can only be allowed from the time her right to dower accrues, to the time of the assignment by metes and bounds.—See *Beavers & Jamison v. Smith*, 11 Ala. 32; *Smith v. Smith*, 13 Ala. 329; *Slater v. Meek and Wife*, 35 Ala. 528. These cases very clearly show that whilst Mrs. Hunter may be entitled to damages as *mesne profits*, from the 1st of January, 1867, to the 1st of April, 1867, the time when her dower was assigned, she is not entitled, in equity, to any rent after the assignment; and, she is only entitled to this against Boyd and Milhouse in their representative capacity, after they have received the rents.

BROOKS, HARALSON & ROY, *contra.*—1. Where a widow brings a suit at law she may, after a recovery there proceed in equity for an account of the rents and profits.— *Turner v. Morris*, 27 Miss. 733; 1 Story's Eq. § 512.

2. The widow is entitled to one-third of the rents due under the contract made by the intestate, in his life-time, with McArthur & Co. " If the lands of which the widow is dowable, be subject to a demise for years created by the husband previous to the marriage, upon which rent is reserved, his widow will be entitled to recover a third part of the reversion, and a like proportion of the rent and damages."—2 Scribner on Dower, § 6, p. 660. In 1 Scribner on Dower, § 12, p. 222, it is said, " if rent be reserved to · the husband, upon the intervening estate, the widow is entitled upon endowment to a proportionate part of such rent;" and at section 6, p. 361, of the same, it is held " that an estate for years, whether created before or after marriage, interposes no obstacle to a claim of dower. In every such case the wife is entitled to be endowed of the reversion in fee, and also of a proportionate part of the rent, as incident to the reversion. If the husband make a lease for years, reserving a rent, and taketh a wife, the husband

dieth, the wife shall be endowed of a third part of the reversion by metes and bounds, together with a third part of the rent." * * * And in Lomax's Digest of the law of real property, §§ 1, 2, p. 97, it is held "that dower was due of mines of coal and lead, wrought during the coverture, * * * by lessees for years, paying pecuniary rent or rents in kind, * * * and that she is endowable of incorporeal hereditaments, as rents, commons, estovers, and the like." And in section 6, page 723, of the same volume, it is held "that if a husband make a lease for years, reserving rent, marries and dies, his wife shall be endowed of a third part of the reversion, together with a third part of the rent. And in 2 Scribner, *supra*, § 35, p. 672, it is held that "if the lands were leased for years, before the marriage, the widow will recover dower, not according to the value of the land, but according to the rent; and it follows that if the rent reserved is only a nominal one, no dowages, or none but such as are merely nominal, can be recovered."—See, also, *Chase's Case,* 1 Blonding's Ch. Rep. 206, 231.

3. The widow is entitled to recover in equity, as against the heirs or administrator, the rents or *mesne* profits accruing from the lands assigned her as dower, from the death of her husband to the time when her dower was allotted. *Slatter v. Meek and Wife,* 35 Ala. 528, 538, 539. This authority shows that the rents are recoverable by the widow from the time of the death of her husband. Such being the case, Mrs. Hunter is entitled to recover rent from the time of the death of her husband, to-wit, the 20th day of August, 1866.

4. The widow being entitled to a proportionate part of the rent, which accrued before the assignment of her dower, to-wit, from the 20th of August, 1866, to the 18th day of April, 1867, when the assignment was made, the only forum in which she could recover such rent is a court of chancery.—*Slatter v. Meek and Wife,* 35 Ala. 528–39; *Turner & Sharp v. Morris,* 27 Miss. Rep. 737; 1 Story's Eq. § 626; *Waters v. Williams,* 38 Ala. 680–84. It is true that the rents, which accrued after the assignment of dower, are recoverable at law; but, as the claim for rents which

accrued before the assignment of dower is of an equitable nature, this is a sufficient ground for the assistance of a court of equity, and, jurisdiction having been obtained for that purpose, it is proper to exercise it in settlement of the entire controversy, and thereby prevent multiplicity of suits. The case from 27 Miss., *supra*, is exactly in point; see, also, 1 Story's Eq. § 512. These authorities clearly show that the appellee is entitled in this suit to recover all the rents which accrued after the assignment of dower, although the same is a legal demand; for, where equity takes jurisdiction for one purpose, it will settle all the rights and equities between the parties.—1 Story's Eq. § 71.

5. But it is objected that the bill is multifarious, for the reason that it unites the defendants, Riggs and Hunter, who are liable only for the rent which accrued after the 1st day of January, 1867, with Boyd and Milhouse, who are liable for the rent which accrued from the death of the husband, 20th August, 1866. It is true that Riggs and Hunter are not liable for the rent which accrued in 1866, but it is insisted, that under the facts and circumstances in this case, the bill is not obnoxious to the objections made; for Boyd and Milhouse were, and are, liable in equity to the widow, not only for a just proportion of the rent, which accrued in 1866, but also for the rent which accrued up to the 18th of April, 1867, when the dower was assigned. The only forum in which the demand could be maintained is in a court of chancery, and against Boyd and Milhouse this demand is one and indivisible, and Riggs and Hunter being liable, also, in equity, for that portion of this demand which accrued from the 1st of January to the 18th of April, 1867; it is eminently proper, if this were the extent and limit of their liability, that they should be united with Boyd and Milhouse in the same suit, and the court having acquired jurisdiction for one purpose would embrace and settle, in the one suit, the demands for rent subsequently accruing, whether they are legal or equitable. This position, we maintain, is well supported by authority. A bill for partition which unites tenants, who have possession of

46

only a portion of the land, with a trustee who had possession of the entire tract, is not multifarious, the accounts being so connected that the one can not be taken without the other.—*Horton v. Sledge*, 29 Ala. 478 ; *Holstead v. Sheppard*, 23 Ala. 568 ; *Kennedy v. Hamilton*, 2 Ala. 573 ; *Gaines and Wife v. Chew*, 2 How. U. S. Rep. 619, 641. In 2 Howard, *supra*, it is said—" that while the object of the rule against multifariousness is to protect the defendant against unnecessary expense, yet it would be a great perversion of the rule to impose upon the parties two or more suits instead of one." In this case the complainant has but one demand ; it is for dower rent ; the defendants are all interested in the demand, and their interests are all more or less connected with each other.—See, also, Story's Eq. Pl. §§ 533, 534, 539.

6. As to *misjoinder* of defendants, it is submitted that the authorities already cited upon the doctrine of multifariousness clearly shows that the objection is not well taken; besides, a misjoinder of defendants is available only to the parties improperly brought in.—*Horton v. Sledge*, 29 Ala. p. 478.

7. A demurrer, for want of proper parties, must show the persons who are not, but ought to be, made parties.— *Chapman v. Hamilton*, 19 Ala. 221. The demurrer, for want of proper parties in this case, does not name the persons who are omitted, but is vague and uncertain ; so, also, the other grounds of demurrer assigned are too vauge and uncertain to be considered by the court.

8. The position of the counsel for appellants, that Boyd and Williams are not responsible for the rent which accrued after the assignment of dower, can not be maintained. The principle decided in the case of *English v. Key*, (39 Ala. R. 113,) that a tenant is not bound to pay rent to the landlord, when he, the tenant, has been evicted under a paramount title, or when, since the inception of the lease, the title of the landlord has been extinguished, or has passed from him, either by his own act or by operation of law, does not exonerate Milhouse and Boyd from liability to pay rent which accrued after the assignment of dower in this case. It was the duty of Boyd and Williams to

assign dower to Mrs. Hunter without delay. This obligation they violated. Instead of performing this duty, they wantonly resisted her application for dower, and leased the lands to Riggs and Hunter for the year 1867. At the time they thus leased the lands, Mrs. Hunter, by virtue of her right to dower, was entitled to one-third of the rent of the premises. Instead of recognizing her right to an aliquot portion of the rent, they took the note for the rent, payable to themselves as administrators, and resisted her application for dower, and remained in possession of the premises by their tenants; and they and their tenants were and continued liable to her for her portion of the rents or damages, not by virtue of any thing which subsequently happened, but by virtue of a pre-existing right. And though Riggs and Hunter were not bound to pay Boyd and Milhouse the rent which accrued after the assignment of dower, upon the portion of land allotted to her, yet they, and Boyd and Milhouse, all remained justly bound to her for such rent.

If "A" is kept out of the possession of his premises for twelve months by an adverse holder, who for six months thereof remains in the actual possession thereof, and for the other six months puts the same in the possession of his tenants, it can not be denied that the adverse holder, as well as his tenants, are liable to "A" in damages for the detention of the land by the tenants, even though the tenants should cease to be bound for the rent to their landlord.

In this case, the tenants were not evicted—neither did they attorn to Mrs. Hunter; but they held and enjoyed the entire premises under the lease by Boyd and Milhouse, who elected to consider the contract as still existing. In fact, Milhouse and Boyd held Riggs and Hunter bound to them for all the rent, and the latter at no time repudiated the contract, or insisted upon a failure of consideration, but recognized their liability to pay them the entire rent stipulated for in the contract. They all act in concert and are all liable to the complainant.

The liability of Boyd and Milhouse is entirely personal, from beginning to end. They were, and are, personally liable to Mrs. Hunter in equity for her portion of the rent

collected by them from McArthur & Co.; they were, and are, personally liable to her in equity for the rent which accrued from the 1st day of January, 1867, up to the time of the assignment of dower; and so, also, of the rent which accrued afterward. For no portion of this rent are they liable in their representative capacity.

9. At the time of the commencement of this suit, Milhouse and Boyd being liable to Mrs. Hunter for all the rent which had accrued up to the assignment of dower, and Riggs and Hunter being also liable for a portion thereof, Mrs. Hunter has clearly the right to bring and maintain this suit for the recovery of the same, and is entitled to recover in the same suit all the rents which subsequently accrued. The plaintiff, even in an action of ejectment at law, is entitled to recover all the rents which have accrued up to the time of trial. The idea that a court of chancery would, in such a case, afford a remedy less complete than a court of law, is contrary to all principle and authority. It must be borne in mind, that this is not a suit for the enforcement of a contract between Boyd and Milhouse, and Riggs and Hunter; on the contrary, this is a suit to recover the rent or damages to which complainant is entitled as dowress—the right of action to recover a part of which had accrued before the commencement of this suit, and could only be enforced in a court of equity; which having taken jurisdiction for one purpose, will, to avoid multiplicity of suits, compel the defendants to account for all the rents for which they are accountable, whether the same accrued before or since the commencement of the suit.

10. The demurrer, for not having made the heirs of Hunter parties to the suit, was properly overruled for two reasons :

First.—The names of the heirs are not shown in the demurrer.—19 Ala. 121.

Second.—The right of the complainant to dower having been established by a decree of the probate court, in a proceeding to which the heirs of the intestate were made parties, and the administrators, and not being entitled to the rent which accrued in 1866 and in 1867, as against the

heirs, they (the heirs) are clearly neither necessary nor proper parties to this suit.

The administrators having received and being accountable for rents to which the widow is entitled, they must be considered as personally holding for her.—35 Ala. 501; 30 Ala. 132.

11. "Dower is a legal, equitable and moral right, favored in a high degree by the law, and, next to life and liberty, held sacred.—*Perrine's Ex'r v. Perrine*, 35 Ala. 647. And we trust that, in the exercise of a sound discretion, the courts of justice will not permit the wiley defendants to render it nugatory, or impair its value.

B. F. SAFFOLD, J.—The appellee, the widow of John S. Hunter, deceased, filed her bill against his administrators and the other appellants, who were in possession, to recover the rents of her dower interest. She was married on the 15th of January, 1866, and her husband died on the 30th of August, following. On the 14th of November preceding the marriage, Hunter rented his lands to McArthur & Co., for the year 1866, they paying part cash and giving their note for the remainder, due January 1st, 1867. At the close of that year, Boyd and Milhouse, the administrators, rented the same lands for 1867, to Thomas Riggs and Starke Hunter, and took their notes for the rent due January 1st, 1868. The appellant's dower in these lands was assigned to her on the 15th April, 1867. The bill was filed October 18th, 1867, and made the administrators, in their representative capacity and personally, and Riggs and Starke Hunter individually, as tenants, parties defendant.

This bill was demurred to by all of the defendants—1st, for want of equity; 2d, multifariousness; 3d, misjoinder of parties defendant; 4th, non-joinder of parties defendant; 5th, because the debt claimed was not due. The demurrer was overruled. At the final hearing on the pleadings and proof, the chancellor decreed the relief prayed for, confirmed the report of the register without objection, and rendered judgment against the administrators for the rent of the dower land from the death of the decedent to the 1st of January, 1867, and against them individually, and

against Riggs and Hunter for the rents of 1867, and charged the costs against the estate.

For the errors alleged in this decree the appeal was taken.

The appellee, having procured the assignment of her dower in the probate court, sought in equity the recovery of the rents from the death of her husband to the date of the assignment. Of her right to do so there can be no question in this State.—*Slatter v. Meek, and Wife*, 35 Ala. 528; *McAllister's Exr's v. McAllister*, 37 Ala. 484; *Perrine's Exr's, v. Perine*, 35 Ala. 644; *Waters v. Williams*, 38 Ala. 680. The widow's right to have dower assigned to her is not a legal right in the land, nor in any portion of it; and hence, on the mere strength of her right to be endowed she could maintain no action at law to recover the possession, nor for the rents and profits.—*Cook & Hardy v. Webb*, 18 Ala. 814; *Inge v. Murphy*, 14 Ala. 289; *Waters v. Williams*, 38 Ala. 680.

The non-joinder of the heirs-at-law of Jno. S. Hunter, as parties defendant, was not a material objection. The dower had been allotted, and the rents had been received by the administrators; the heirs could not have recovered it from them.—*McLaughlin v. Goodwin*, 23 Ala. 846.

If Riggs and Hunter were improperly joined with the other defendants, they only could take advantage of it. *Horton v. Sledge*, 29 Ala. 478. The consideration of whether they could do so or not, is so involved with the ojection of multifariousness, that we will examine them together.

To prevent multiplicity of suits, courts of equity sometimes entertain bills by complainants between whom there exists no privity of contract, and against defendants between whom exists no connection whatever, except a community of interest. The objection of multifariousness is confined to cases where the case of each defendant is entirely distinct and separate in its subject-matter from that of his co-defendants. All that can be done in each particular case, as it arises, is to consider whether it come nearer to the class of decisions where the objection is held fatal, or to the other class, where it is not.—*Kennedy v. Kennedy*, 2 Ala. 571; *Gaines and Wife v. Chew*, 2 How.

619, 641 ; *Horton v. Sledge*, 29 Ala. 478. If the complainant has an equitable right against each of the defendants in the subject-matter of the suit, she may proceed against all of them in one suit. The claim for rents of the dower interest from the death of the husband to the assignment of dower, was a single demand, and shown by the authorities before cited to be recoverable in chancery. The administrators having received a part of the rents, and having leased the lands and taken notes for the remainder, must be considered as holding them for the widow.—*Boynton v. Sawyer*, 35 Ala. 497 ; *McLaughlin v. Godwin*, 23 Ala, 846. Riggs and Hunter were the tenants of the administrators. If they had not paid the rent due from them before the assignment of dower, they, too, were accountable to the dowress in equity up to that time : for though a tenant may not deny his landlord's title, he may show that it has passed to another by operation of law.—*English v. Key*, 39 Ala. 113 ; Rev. Code, §§ 2616, 1568. The demurrer was properly overruled.

It is objected to the decree, that as the decedent had leased the lands before his marriage with the appellant, his administrators were not liable to her for the rents accruing under that lease. An estate for years, or other mere chattel interest, interposes no impediment to a title of dower. If rent be reserved to the husband, the widow is entitled, upon endowment, to a proportionate part of such rent.— *Herbert v. Wren*, 7 Cranch, 370 ; 1 Hilliard on Real Prop. 3d ed., p. 103, § 46 ; 1 Scribner on Dower, p. 361, § 6.

It is further objected that Riggs and Hunter are liable at law only, if at all, for the rents accruing after the allotment of dower. These rents could certainly have been recovered in an action at law, but as the jurisdiction of equity had attached, that court will complete justice between the parties by settling a mere matter of account.—*Stow v. Bozeman's Exr's*, 29 Ala. 397. There would be more force in this objection if the assignment of dower *per se* evicted the tenant. But although as soon as the premises have been set out and assigned to the wife, and the allotment confirmed by the court, the freehold vests in her by virtue of her husband's seizin, and her estate is a continuation of

his by appointment of law, the tenant is not required to be ousted.—Coke, Litt. 239, *a*; *Windham v. Portland*, 4 Mass. 384; 1 Hilliard on Real Prop., 3d ed., p. 103, § 46, and note *b*.

Whether or not the tenants were at liberty to relinquish possession of any part of the dower interest on its assignment, there is no evidence that they did so. They were liable for the rent which accrued during their possession. Rev. Code, 2616, 1568.

The administrators could not be liable otherwise than individually for the rents accruing under the lease made by them.

The report of the register, ascertaining the value of the rents, was not objected to.

The decree is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term appellants applied for a rehearing, to which the following response was made:

B. F. SAFFOLD, J.—We have carefully considered the application for a rehearing. The matters on which it is based were not slighted in the former investigation, but received due attention. We have reviewed that examination, and can not see that there is error in the decision.

The rehearing is denied.