CHAMBERS & THIGPEN V. HENRY CANNON ET AL.

(Case No. 1709.)

1. INJUNCTION — JURISDICTION.— Where the district court has obtained jurisdiction of a cause by reason of an injunction sued out to restrain the sale of property levied under execution, it rightfully retains the cause for the purpose of decreeing damages for detention of property by the officer and plaintiff in execution.

2. JURISDICTION.— All that is necessary to the exercise of jurisdiction, once obtained, is that the subject to be embraced in the decree is something incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to the final decision of the whole controversy between the parties.

3. CASES CITED AND APPROVED.— Anderson County v. Kennedy, 58 Tex., 616; Willis v. Gordon, 22 Tex., 243; Bourke v. Vanderlip, id., 221; Witt v. Kaufman, 25 Tex. Sup., 384; Franklin Ins. Co. v. McCrea, 4 Greene (Ia.), 229; Brooks v. Stolley, 3 McL., 527; Zetelle v. Myers, 19 Gratt. (Va.), 62; Boyd v. Hunter, 44 Ala., 705, cited and approved.

ERROR from Morris. Tried below before the Hon. B. F. Estes.

This suit was brought by Henry Cannon and Millie Cannon in the district court of Morris county, on the 22d day of February, A. D. 1883, against G. C. Chambers and F. M. Thigpen for $75 actual and $75 exemplary damages, and for the restraining of the sale of a mule valued at $50, levied upon by F. M. Thigpen as constable of precinct number one, Morris county, Texas, by virtue of an execution issued out of the justice court for that precinct on the 12th day of February, 1883, for the sum of $77.92, in favor of G. C. Chambers and against Henry and Millie Cannon. A judgment was rendered in the district court for the Cannons perpetuating the injunction, and for $27 actual damages.

*B. G. Smith* and *Geo. T. Todd*, for plaintiffs in error.

*J. M. Moore*, for defendant in error.

WILLIE, CHIEF JUSTICE.— That the district court had jurisdiction to grant the injunction, issued in this cause, is now well settled law in this court. County of Anderson v. Kennedy, 58 Tex., 616.

Having thus obtained jurisdiction of the cause, it was authorized to take cognizance of it for all the purposes of the suit. It is a well recognized principle in courts of equity, that, having acquired jurisdiction of the cause, the full merits of the controversy, as presented by either party, will be adjudicated. Willis v. Gordon, 22 Tex., 243; Bourke v. Vanderlip's Ex'rs, id., 221; Witt v. Kaufman, 25 Tex. Sup., 384; 1 Pom. Eq. Jur., § 181.

This principle has been applied in numerous instances by the courts of the American Union, including our own, to cases not unlike the present. For instance, in a suit to reform a policy of insurance, the court has ordered payment of the amount due upon the policy after it has been reformed. Franklin Ins. Co. v. McCrea, 4 Greene (Ia.), 229.

In a suit for the infringement of a patent right, a court of equity has decreed a recovery of the money stipulated under a contract for the use of the patent. Brooks v. Stolley, 3 McL., 527. So the court has awarded damages in a suit for specific performance (Zetelle v. Myers, 19 Gratt. (Va.), 62), and has decreed a payment of rent though the complainant had clearly a remedy for a recovery of the same. Boyd v. Hunter, 44 Ala., 705.

This court has held that when an injunction to stay the sale of property under a deed of trust had been dissolved by the district court, it was proper for that court to render judgment for the money secured by the deed, and this without any plea in reconvention, or prayer for such relief. Bourke v. Vanderlip, supra.

Also, that the district court, having by injunction acquired jurisdiction of a cause, originally cognizable before a justice of the peace, should retain it to adjudicate all the matters in controversy as presented by either party. Willis v. Gordon, supra.

Also, that where a defendant in a judgment obtains an injunction to have the judgment declared void, the court will retain jurisdiction and render judgment on the original cause of action, if the plaintiff in execution is legally entitled to it on the merits. Witt v. Kaufman, supra.

In this last case an injunction was perpetuated, enjoining judgments of a justice of the peace because rendered without service upon the complainant. The plaintiff in the original judgments thereupon asked for a recovery upon the cause of action upon which these judgments were founded. The court below denied this relief, and for this error the judgment was reversed by the supreme court. This court held that, the district court having once obtained cognizance of the case for one purpose, would retain it for the further purpose of doing full and complete justice between the parties.

And so in the present case, when the district court had obtained cognizance of the cause by reason of an injunction sued out to restrain the sale of the property levied on under execution, it rightfully retained it for the purpose of decreeing damages for a detention of the property by the sheriff and plaintiff in execution.

All that is necessary to the exercise of the jurisdiction once obtained is that the subject to be embraced in the decree is something incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to a final decision of the whole controversy between the parties. This principle is peculiarly applicable to our system of jurisprudence, the theory of which is, that a multiplicity

of suits growing out of the same subject-matter must be avoided, and all controversies, so far as they are germane to the original cause of action, settled in the same suit.

The detention of the property in this case was the natural result of its seizure for sale under execution, and that sale being enjoined because the seizure was illegal, an inquiry into the loss sustained by the plaintiffs, which was an incident to the detention, was necessary to determine the whole controversy between the parties. We think the court correctly assumed jurisdiction of the question of damages for the detention of the property levied on.

No objections seem to have been taken to the admissibility of any of the evidence offered by the plaintiffs upon the trial. The bill of exceptions was reserved as to the action of the court in overruling the demurrer, and the sufficiency of the evidence to sustain the judgment. All such points as could be considered under the demurrers have already been disposed of, and the evidence before the court was fully sufficient to authorize the judgment, and it is affirmed.

AFFIRMED.