### JASPER COUNTY LUMBER CO. v. BISCAMP.

No. 2664.

Court of Civil Appeals of Texas. Beaumont. Dec. 28, 1934.

Richardson & Lanier, of Jasper, for appellant.

B. A. Hamilton, of Jasper, for appellee.

COMBS, Justice.

This is a suit for injunction filed by appellant against appellee in the district court of Jasper county, Tex. By properly verified petition, appellant alleged in substance that it was the owner and operator of a large sawmilling industry situated in Jasper county, Tex., and owned large timber holdings in Jasper county, Tex., including certain lands identified by references to deeds; that the defendant, Biscamp, "is systematically, wilfully, unlawfully and persistently trespassing upon said bodies of timber and land and cutting, removing and destroying said timber and by reason of the debris left from such cutting and destruction creating fire and other hazards which endanger the life, merchantability and fitness of the other adjacent timber"; that on two different dates, which are specifically alleged, the defendant unlawfully entered upon said lands and timber and cut and removed and appropriated to his own use timber of the aggregate value of $116.50; "that the defendant has no property subject to execution and cannot be made to respond in damages should the plaintiff recover a judgment against him; that he is threatening to continue to trespass upon, cut, destroy and remove the trees and timber and to leave the debris as a constant fire hazard and menace to the timber not cut, all to the plaintiff's irreparable injury and that it has no adequate remedy at law." The prayer was for temporary injunction restraining the defendant, his agents, servants, and employees, from trespassing upon said lands, cutting, removing the timber, etc.; that upon final hearing the injunction be made permanent; and that plaintiff have judgment for its damages and costs of suit. The temporary injunction was granted, and when the case came on for final hearing Hon. B. A. Hamilton, as amicus curiæ, filed a motion suggesting to the court that the suit should be dismissed for the reason that the amount in controversy was not within the jurisdiction of the district court. The trial court sustained the motion, dissolved the temporary injunction, and dismissed the suit at the

plaintiff's cost. This appeal is from that judgment.

It is evident that the trial judge considered the district court without jurisdiction because the amount of damage sued for was under $500. This was error. The jurisdiction of the district court to hear and determine injunction suits does not necessarily depend upon the amount in controversy. Under the Constitution, the district court is a court of general jurisdiction. We have no doubt that in a proper case it may interpose its equitable powers by writ of injunction to prevent irreparable injury, even though the amount incidentally in controversy may not be within the jurisdiction of the court. The following authorities support this general proposition: Anderson County v. Kennedy, 58 Tex. 616; Chambers v. Cannon, 62 Tex. 293; Stein v. Frieberg, Klein & Co., 64 Tex. 271; Morrison v. Carnahan (Tex. Civ. App.) 31 S. W. 436; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422. Of course, where the main purpose of a suit is the enforcement of a money demand or collection of damage, and injunctive relief is sought merely as an ancillary remedy, then the amount in controversy would be controlling on the question of jurisdiction, but where, as here, the controlling purpose of the suit, as disclosed by the pleadings, is the obtaining of injunctive relief to abate or prevent threatened irreparable damage, for which the law affords no adequate remedy, and the suit for damages is merely incidental, then the amount in controversy is not controlling in determining the jurisdiction of the district court. Instead, the equitable right to injunctive relief is the controlling question. Were this not so, the courts might find themselves powerless to afford relief to a litigant clearly and justly entitled to it under the rules of equity. This is well illustrated in the case before us. Under the allegations of the petition, which we must take as true for the purposes of this case, appellant was being threatened with serious and permanent injuries to its timber by one unable to respond in damages. The value of the timber which had been cut was within the jurisdictional amount of the justice court, which has no power to issue writs of injunction. Therefore, if the value of the timber cut, that is to say, the actual damage already suffered, is to be controlling in the matter of jurisdiction, then plaintiff would be powerless to prevent the threatened injuries until such time as the depredations on its property should damage it to an amount which would bring it within the jurisdiction of the county court or district court. We conclude that the district court of Jasper county did have jurisdiction to hear and determine appellant's suit for injunction.

For the reason discussed, the judgment of the trial court is reversed, and the cause remanded for a new trial.