Gordon F. JOHNSON, d/b/a Beacon Insurance Agency, Appellant,

v.

FLOYD WEST & COMPANY, Appellee.

No. 17224.

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1969.

**300**

Gordon F. Johnson, Odessa, James D. Cunningham, San Antonio, for appellant.

Frank L. Skillern, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Floyd West & Company brought this action against Gordon F. Johnson, d/b/a Beacon Insurance Agency, seeking to recover an alleged indebtedness in the sum of $2,492.36. Johnson had acted as agent for Floyd West & Company in selling insurance policies and it was the company's contention that the amount claimed was the outstanding balance due by Johnson at the termination of his agency relationship with the company. Johnson answered with a general denial and also filed a cross-action in which he contended, inter alia, that the company had not given him proper credit on his account for various sums of money paid to it.

A motion for summary judgment was filed by Floyd West & Company, supported by affidavits of various employees of the company. Johnson filed his answer to the motion for summary judgment, attaching thereto his affidavit, supported by exhibits, affidavits of other witnesses, and also making reference to depositions of various parties.

The trial court sustained the motion for summary judgment and rendered judgment in favor of Floyd West & Company against Johnson in the sum of $2,492.36. Johnson appeals.

OPINION

While appellant brings forward a large number of points of error his principal assault upon the judgment rendered against him is based upon the contention that the record reveals issues of fact which must be resolved by a jury or the court. After careful consideration of the record, in the light of the well recognized rules of judicial review of summary judgment proceedings, we agree with appellant that the summary judgment was improvidently granted in this case and must therefore be reversed.

When a party elects to file a motion for summary judgment pursuant to Rule 166-A, Vernon's Texas Rules of Civil Procedure, it takes upon itself an extraordinary burden. In the case of a plaintiff filing such motion, as in this case, the burden is at all times upon it to establish the essential elements of its asserted cause of action by a preponderance of the evidence. By moving for summary judgment it goes further and assumes the additional burden of showing, by competent summary judgment evidence, that there was no genuine issue as to any material fact pertinent to the cause of action *and* that it was entitled to the judgment prayed for as a matter of law. Risinger v. Fidelity and Deposit Co. of Maryland, 437 S.W.2d 298 (Tex.Civ. App., Dallas 1969). In deciding whether appellee has discharged these legal obliga-

tions we are governed by landmark rules announced in unmistakable language by our Supreme Court on a number of occasions.

■ 1. Our duty is to determine if there are issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits and depositions.

■ 2. The evidence presented must be viewed in the light most favorable to the party opposing the motion.

■ 3. All doubts as to the existence of a genuine issue as to a material fact are resolved against the party making the motion.

■ 4. If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted.

■ 5. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true.

■ 6. The summary judgment evidence must be the type of evidence which would be admissible upon the trial of merits of the cause.

■ 7. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony.

See the following: Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952);

Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943).

■ The burden was cast upon appellee in this case to prove by preponderance of the evidence that Johnson was indebted to it in the sum of $2,492.36. The burden was also upon appellee to establish by uncontroverted summary judgment testimony, that all proper credits and offsets had been duly allowed Johnson in the computation of the amount sought. To support this burden appellee relies chiefly upon the deposition and affidavits of Harry Brown, its collection manager. Brown sought to establish the amount of the indebtedness by reference to what he calls a "ledger sheet" showing the status of the account. He testified that the "ledger sheet" demonstrated all debits and credits and that "all just and lawful offsets, payments and credits have been allowed." However, in his deposition Brown admitted that the "ledger sheet" was not a part of the permanent business records of appellee but was an instrument prepared by him from other business records of the company which were not produced. The "ledger sheet" was not made admissible by the establishment of the necessary predicate to bring it within the Business Records Act. While Brown testified that he knew the accounting, as revealed by the "ledger sheet", was true and correct yet Johnson, both by deposition and affidavit, together with various exhibits, flatly denies the accuracy of the "ledger sheet" relied upon by appellee, contending that he had not been given proper credit and that the exhibit does not truly reflect the correct amount of the alleged debt.

The record presented concerning the amount of the indebtedness owed by appellant to appellee is extremely confusing and lacks much in establishing the cause of action as a matter of law. There is a serious question concerning one item of $510.47. Johnson testified, and presented cancelled

checks to verify such statement, that he had paid this sum on two different occasions and had not been given proper credit. Brown contended that Johnson had paid the sum of $510.47 on two separate occasions but had been given proper credits. The record is in such shape as to leave a doubt as to credit given Johnson so that this item cannot be said to have been established as a matter of law. Johnson also contended that he had not been given credit for three certain accounts which were attached to his affidavit. Appellee made no effort to explain these accounts claimed by Johnson and therefore the same remain open to question.

It would serve no useful purpose, and unduly lengthen this opinion, for us to detail and enumerate the various items of contention between the parties. It is sufficient for us to conclude that the evidence as presented clearly reveals issues of fact concerning the various amounts contended to be owed by appellant and proper credits and offsets claimed by him. We must resolve these doubts in favor of appellant. Moreover, since all of the testimony presented came from interested witnesses and since such testimony cannot be said to be so clear, direct and positive as to remove it from the rule in such cases, we must say that the testimony does nothing more than raise an issue of fact.

Our disposition of this case renders it unnecessary that we pass upon appellant's points concerning the trial court's action in granting summary judgment denying relief sought in appellant's cross-action. The cross-action is of such a nature that it cannot be completely severed from the basic suit. Here again the testimony on the issues presented by the cross-action is far from satisfactory. Accordingly, we conclude, and so hold, that the entire suit should be reversed and remanded for trial on the merits.

Reversed and remanded.