**D. A. FRANK, Jr., et al., Appellants,**

**v.**

**STARNES CORPORATION, Appellee.**

**No. 17372.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 29, 1969.

Rehearing Denied Jan. 23, 1970.

Lawrence R. Jones, Jr., Zweig & Diamond, Dallas, for appellants.

John William Payne, Gardere, Porter & DeHay, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

D. A. Frank, Jr. and Isla B. Frank, Independent Executrix of the Estate of D. A. Frank, deceased, brought this action against Starnes Corporation to recover damages for breach of a lease agreement. Defendant filed a general denial. Both parties filed motions for summary judgment and, based upon affidavits, admissions and exhibits on file, the trial court

sustained both motions in part. Judgment was rendered in favor of plaintiffs for money rentals due under the lease agreement for the months of September, October, November and December, 1968 at the rate of $450 per month. Plaintiffs were also allowed an additional $400 as attorney's fees.* The court decreed that the lease agreement in question was terminated, as a matter of law, effective December 1968 and therefore plaintiffs lost further rights in such agreement following that date. Plaintiffs have perfected their appeal from the judgment insofar as it sustains defendant's motion for summary judgment and defendant files a cross-point of error contending that the trial court should have given it credit for $450, representing the December rental.

In two points on appeal appellants contend that the trial court erred in granting appellee's motion for summary judgment, thereby holding as a matter of law that the lease agreement between the parties had been terminated in December 1968. Appellants say that the lease was not terminated and that they were entitled to recover monthly rentals from September 1968 through March 1969 in the total sum of $3,150.

It is without dispute that on June 5, 1968 appellants, as landlord, entered into a written lease agreement with appellee, as tenant, whereby tenant leased certain described property for a monthly rental of $450, said lease to begin on August 1, 1968 and to end on July 31, 1973. Tenant deposited the sum of $900 with landlord which represented rental for the first month and last month of the lease. Appellee-tenant failed to pay the rentals for September, October, November and December, 1968 and also for January and February 1969.

On December 9, 1968 Mr. Harold Zweig, one of the attorneys for appellants-landlord, wrote the following letter to Mr. Wayne C. Starnes, Chairman of the Board of Starnes Corporation:

"December 9, 1968

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Wayne C. Starnes,
Chairman of Board of Directors
Starnes Corporation
1509 Bar Harbor Drive
Dallas, Texas

Starnes Corporation
1813 Balboa Place, #205
Dallas, Texas 75224

Re: D. A. Frank, Jr. and Isla B. Frank, Independent Executrix of the Estate of D. A. Frank, et al vs. Starnes Corporation.

Gentlemen:

Mr. D. A. Frank, Jr. and Mrs. Isla B. Frank, Independent Executrix of the Estate of D. A. Frank, et al, have employed me to represent them in their claim against Starnes Corporation as a result of its default under a Lease Agreement between D. A. Frank, Jr. and Isla B. Frank, Independent Executrix of the Estate of D. A. Frank, et al, as Landlord, and Starnes Corporation, d/b/a Robo Car Wash, as Tenant, dated June 5, 1968.

Paragraph 1 of said Lease states that Tenant has deposited with Landlord, upon delivery of this Lease Agreement, $900.00 to be applied as follows: The first and last months' rent due hereunder.

* While appellee presents no cross-point complaining of this part of the judgment we find no evidence in the record, nor do we find any stipulation, to support the trial court's award of attorney's fees. The lease agreement does contain a provision for reasonable attorney's fees in event of default by tenant but such fact must be proved by competent evidence to justify an award.

Said Lease provides that Tenant is to have and to hold the same for a term of five years (60 months) beginning on August 1, 1968, and ending on July 31, 1973.

Paragraph 20 of said Lease states that the following events shall be deemed to be events of default by Tenant under this Lease: A. Tenant shall fail to pay any installment of the rent on the date that same is due and such failure shall continue for a period of ten (10) days.

You have therefore defaulted under the terms of this Lease by not paying the sum of $450.00 on or before September 10, 1968. Further you now owe to my clients, rent for the months of September, 1968, October, 1968, November, 1968, and December, 1968, totalling the sum of $1,800.00, and I, as attorney for the aforesaid clients, am hereby making demand upon you for payment of the sum of $1,800.00, plus reasonable attorney's fees in the sum of $720.00, as provided in Paragraph 22 of said Lease, on or before December 20, 1968. If I fail to receive the sum of $2,520.00 on or before December 20, 1968, I shall file suit against you without further notice to you. I sincerely hope this action will not be necessary.

Pursuant to Paragraph 20 Default by Tenant, Section F. of said Lease upon the occurrence of any of such events of default, Landlord shall have the option to pursue any one or more of the following remedies without any notice or demand whatsoever: (1) Landlord hereby terminates this lease, in which event Tenant shall immediately surrender the premises to Landlord; and Tenant agrees to pay to Landlord on demand the amount of all loss and damage which Landlord may suffer by reason of such termination, whether through inability to relet the premises on satisfactory terms or otherwise. (2) Enter upon and take possession of the demised premises and expel or remove Tenant or any other person who may be occupying said prem-

ises or any part thereof, by force if necessary, without being liable for prosecution or any claim for damages therefor, and relet the premises and receive the rent therefor; and Tenant agrees to pay to Landlord on demand any deficiency that may arise by reason of such reletting. Further the last paragraph of said Paragraph 20 states that pursuit of any of the foregoing remedies shall not preclude pursuit of any of the other remedies herein provided or any other remedies provided by law, nor shall pursuit of any remedy herein provided constitute a forfeiture or waiver of any rent due to Landlord hereunder or of any damages accruing to Landlord by reason of the violation of any of the terms, conditions and covenants herein contained.

Very truly yours,
/s/ Harold Zweig
Harold Zweig"

Paragraph 20 of the lease agreement entitled "Default by Tenant" enumerates the events which are to be deemed events of default by tenant, including failure to pay any installment of rent when due. Subdivision F. of Paragraph 20 provides that upon the occurrence of any of such events of default, landlord shall have the opportunity to pursue any one or more of certain remedies, namely: (1) "Terminate this lease, in which event Tenant shall immediately surrender the premises to Landlord * * *"; (2) enter upon and take possession of the demised premises and expel or remove tenant; and (3) enter upon the demised premises by force if necessary and do whatever tenant is obligated to do under the terms of the lease.

The principal question presented for our resolution is whether the quoted letter of December 9, 1968 from appellants' attorney to appellee constituted a clear and unequivocal communication of actual termination of the lease by appellants, as landlord, which would justify the trial court in holding, as a matter of law, such lease to be terminated and of no further force and ef-

fect following the date of the letter. Appellants argue that the isolated statement contained in the last paragraph of the letter: "Landlord hereby terminates this lease * * *", is a typographical error and was not intended to convey to tenant an election by the landlord to exercise one of the options available and enumerated in the lease.

■ A careful reading of the entire letter of December 9, 1968 convinces us that a doubt exists concerning the alleged fact of termination by the landlord. In the very first paragraph of the letter the writer, as attorney for appellants, announces to appellee that he has been retained to represent appellants in their claim against appellee as a result of its default of the lease agreement. Then, the attorney proceeds to state facts concerning nonpayment of rental and makes certain demands for payment, failing which suit will be filed without further notice. Then, in the final paragraph of the letter the writer proceeds to review the provisions of Paragraph 20 relating to default by tenant, discussed above. In attempting to quote from subparagraph (1) of Section F., the writer of the letter uses the phrase, "Landlord hereby terminates this lease", which is not the exact terminology of the lease itself. It would appear that the provisions of the last paragraph of the letter are inconsistent with the provisions of the other paragraphs of the letter relating to demands for payment, and threat of suit. In any event, we are convinced that the letter does nothing more than present a question of fact concerning intent on the part of appellants, as landlord, to exercise their option to terminate the lease, as contended by appellee.

■ In Johnson v. Floyd West & Co., 437 S.W.2d 298 (Tex.Civ.App., Dallas 1969), we repeated the fundamental rules laid down by our Supreme Court and which govern this court, as well as trial courts, in the construction to be given Rule 166–A, Vernon's Texas Rules of Civil Procedure. Among these rules is that which states that all doubts as to the existence of a genuine issue as to a material fact are resolved against the party making the motion. Another rule is that evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony.

These rules govern our disposition of this appeal. As stated, the quoted letter from appellants' attorney presents a serious doubt as to the communication of intent from appellants to appellee concerning termination. Such doubts must be construed against appellee. Moreover, appellee places much weight upon the affidavit of Wayne C. Starnes, its president and chairman of the board, concerning his interpretation of the contents of the letter of December 9, 1968. Such summary judgment evidence, coming from an interested witness, does nothing more than present an issue of fact. We cannot say that it is so clear, direct and positive as to bring it within the exception to the rule.

For these reasons we conclude that there is presented an issue of fact and that such fact must be resolved by a trier of fact.

Since the trial court was in error in granting appellee's partial motion for summary judgment it necessarily follows that appellee's cross-point must be overruled.

Appellants' contention that the court should have granted their entire motion must be overruled.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.