**L. L. NORTHRUP, Appellant,**

v.

**Lucille Miller O'BRIEN, Appellee.**

No. 17744.

Court of Civil Appeals of Texas, Dallas.

Dec. 3, 1971.

———◆———

Don E. Williams, Eugene R. Lyerly, Kilgore & Kilgore, Dallas, for appellant.

George F. Christie, Pope, Hardwicke, Hobbs, Christie & Montgomery, Fort Worth, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Lucille Miller O'Brien instituted this action in the district court against Darwin J. Noble, Zelma H. Noble, L. L. Northrup and L. H. Freeman Company, Inc., in which she sought to recover title and possession to two shares of common stock of Freeman Company, Inc., which shares were registered in the name of L. L. Northrup. Mrs. O'Brien alleged that Darwin J. Noble and wife Zelma H. Noble had entered into a conspiracy with L. L. Northrup to deprive her of her right of representation in the management of the corporation and prevent a fair and honest election of directors so that she requested the court to issue an injunction prohibiting the holding of the annual meeting of the shareholders of the corporation pending a judicial determination of the legal ownership of the two shares of stock. Following a hearing the trial court granted a temporary injunction restraining the Nobles and Northrup from holding the annual shareholders' meeting of the corporation pending final hearing and determination of the ownership of the stock.

Thereafter Mrs. O'Brien filed a motion for summary judgment based upon the testimony adduced at the hearing on the injunction. Mr. and Mrs. Noble and Mr. and Mrs. Northrup filed their affidavits in opposition to the motion for summary judgment. The trial court granted the motion and rendered judgment decreeing title and possession of the two shares of stock in Mrs. O'Brien. Northrup appeals.

The facts appear to be without dispute that Freeman Company, Inc. is a corporation duly organized under the laws of the State of Texas with 25,000 shares of stock having a par value of 50 cents per share. On or about May 27, 1968 Lucille O'Brien, whose name was then Lucille Miller, and Darwin J. Noble and wife Zelma H. Noble purchased all of such stock for a total consideration, represented by cash and assumption of liabilities, in the sum of $60,000. One-half, or 12,500 shares, was acquired by appellee and the other one-half being acquired by the Nobles. The three individuals served as directors and as principal officers of the corporation. In October of 1968 it became apparent that amicable and efficient management of the corporation was becoming impossible because of a deterioration of the relationship among the three stockholders. At a meeting of the owners of the company held on October 28, 1968, in an effort to remedy the situation, it was suggested that an experienced outside person be brought into the company in order to provide the corporation with additional business experience and expertise in the management of its affairs. Following through with this idea Mrs. O'Brien and the Nobles unanimously agreed that L. L. Northrup should become a director of the corporation. Acting on the belief that a director would have to be a stockholder, Mrs. O'Brien and the Nobles each transferred two shares of the corporate stock to L. L. Northrup. Thereafter new certificates representing the shares of stock were issued so that Mrs. O'Brien received 12,498 shares, and the Nobles 12,498 shares, and L. L. Northrup 4 shares. There was nothing in writing to reflect the agreement of the parties with reference to the transfer of the 4 shares of stock to Northrup. There were no restrictions contained in the certificate issued to Northrup. In February, 1970 Mrs. O'Brien became dissatisfied with Northrup's involvement in the operation of the company and requested Northrup to return the two shares of stock to her. At first Northrup indicated that he would comply with her request but he then changed his mind and refused to do so contending that the shares were transferred to him unqualifiedly and with no conditions or stipulations concerning return of same. Northrup also contended that he was entitled to hold the shares of stock to protect his wife's interest in a five year lease on the premises occupied by the corporation, the value of such lease being the sum of $28,500.

Northrup testified that at the time the shares were given to him he took four one dollar bills from his pocket and offered them to the Nobles and Mrs. O'Brien but that the money was immediately returned to him. He said that he considered the four shares of stock to be a "gift" to him from the Nobles and Mrs. O'Brien in consideration of his services in attempting to solve the corporate financial problems.

The testimony of the Nobles and Mr. and Mrs. Northrup was sharply contradicted by the testimony of Mrs. O'Brien given at the injunction hearing in which she contended that the transfer of the shares to Northrup was not a sale or a gift to him but that it was her intention at the time that Northrup was to return the shares at any time upon request.

In his first point of error appellant Northrup contends that the trial court erred in failing to dismiss the action because the amount in controversy herein does not meet the constitutional requirements of subject matter jurisdiction for the district courts of Texas. Under this point he argues that Mrs. O'Brien's pleadings do not allege the value of the shares of stock in controversy and that there was no evidence adduced at the hearing on the motion for summary judgment which would establish the value of the shares as being worth an amount sufficient to confer jurisdiction on the district court.

Several reasons are apparent why we cannot agree with appellant and must overrule his point.

1. Appellant directed no exceptions to appellee's pleadings which he al-

leges to be defective in failing to allege jurisdictional facts. Rule 90, Vernon's Texas Rules of Civil Procedure, specifically provides that any defect in pleading, including jurisdictional matters, is waived which is not specifically pointed out by motion or exception in writing and brought to the attention of the judge in the trial court before the rendition of judgment. Litterst v. Edmonds, 176 S.W.2d 342 (Tex.Civ.App., Galveston 1943, writ ref'd w.o.m.); Erminger v. Daniel, 185 S.W.2d 148 (Tex.Civ.App., San Antonio 1945, writ ref'd w.o.m.); and Gottschalk v. Gottschalk, 212 S.W.2d 223 (Tex.Civ.App., Austin 1948, no writ). Appellant brought this jurisdictional question to the attention of the court for the first time in his motion for new trial following entry of judgment.

2. As stated in Gottschalk v. Gottschalk, supra, the waiver provided for in Rule 90, T.R.C.P., does not dispense with proof of essential jurisdictional facts. A review of this record convinces us that appellee has produced sufficient facts to demonstrate that the matter in controversy herein exceeds the minimum jurisdictional amount required by the district court. It is contended that the two shares of stock in controversy are the controlling shares of the company which have the admitted value of $60,000. Moreover, appellant Northrup's testimony was to the effect that he was holding the shares to protect his wife's interest in a lease held by the corporation, same being valued at $28,500.

3. Assuming, *arguendo*, that appellant is correct in his contention that the sum of two dollars, being the alleged value of the two shares of stock, is the amount in controversy, yet the district court acquired jurisdiction by reason of the injunctive relief and retained jurisdiction to adjudicate the material matters presented in the controversy. "Where injunctive relief is merely ancillary to an action in which monetary relief is the main relief sought, whether a court has jurisdiction to issue the injunction depends on whether it has jurisdiction over the amount in controversy. * * * Since the county court has no jurisdiction over suits involving monetary demands less than $200, where the amount in controversy is less than $200 injunction may be issued only by the district court." 31 Tex.Jur.2d, Injunctions, § 107, pp. 207–208. See also Bland v. City of Hearne, 95 S.W.2d 979 (Tex.Civ.App., Waco 1936); Southern Prison Co. v. Rennels, 110 S.W.2d 606 (Tex.Civ.App., Amarillo 1937, writ dism'd); Lubbock v. Green, 312 S.W.2d 279 (Tex.Civ.App., Amarillo 1958); Jasper County Lumber Co. v. Biscamp, 77 S.W.2d 571 (Tex.Civ.App., Beaumont 1934); and Garrett v. Rose, 161 S.W.2d 893 (Tex.Civ.App., Amarillo 1942).

When a court of general jurisdiction has acquired jurisdiction of a cause for one purpose it will retain jurisdiction as to all questions which are properly involved in the suit or which may become involved therein. Chambers v. Cannon, 62 Tex. 293 (1884); Witt v. Kaufman, 25 Tex.Supp. 384 (1860); Willis v. Gordon, 22 Tex. 241 (1858); 15 Tex.Jur.2d, Courts, § 53, p. 479; and 22 Tex.Jur.2d, Equity, § 5; p. 542.

In his second and third points, briefed together, appellant contends that the trial court erred in granting the motion for summary judgment because the evidence establishes that appellant is the legal and equitable owner of the shares of stock in question or, in the alternative, that the evidence at least creates an issue of fact concerning the ownership of shares which would preclude the issuance of the summary judgment. We disagree with appellant's second point but sustain his third point.

The basic rules governing judicial review of summary judgments have been clearly set forth many times by our Supreme Court and have been followed by us in many cases. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Great American Reserve Ins. Co. v. San Antonio

Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965); Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup. 1970); Johnson v. Floyd West & Co., 437 S.W.2d 298 (Tex.Civ.App., Dallas 1969); White v. Lakewood Bank and Trust Co., 438 S.W.2d 129 (Tex.Civ.App., Dallas 1969); and Frank v. Starnes Corporation, 449 S.W.2d 538 (Tex.Civ.App., Dallas 1970).

When we apply these rules to the summary judgment evidence adduced in this record it is apparent to us that material issues of fact are presented which must be decided by a trier of fact. Rule 166–A, T. R.C.P.

■ We cannot agree with appellee that Mrs. O'Brien's testimony given at the hearing of the injunction matter is so clear and explicit that it establishes her right to the ownership of the shares of stock, as a matter of law. Being the movant it was her burden to support her contention of ownership of the shares by competent evidence which would be admissible upon the trial of the case. She must also assume the burden of demonstrating that under the record presented she is entitled to the shares, as a matter of law. A careful examination of the record reveals that she has failed to carry this burden. The evidence is extremely conflicting in numerous respects. Mrs. O'Brien testified that at the time she conveyed her shares to Northrup it was "her intention" that he should hold the shares and deliver them back to her upon demand. This amounts to nothing more than her conclusion or some undisclosed mental processes possessed by her but not revealed to the other parties to the transaction. She does not testify to any facts or conversation held at the time which would support this conclusion. On the other hand, Northrup testified that the shares of stock were delivered to him in consideration of services in aiding the corporation. Both Mr. and Mrs. Noble testified that at the time of the transfer of the shares it was the intention of all parties to the transaction that the transfer be absolute with no conditions or stipulations attached. Both said: "There was no discussion at that time nor any suggestion that the shares were to be held by Mr. Northrup as trustee or to be returnable to the former owners upon their request." Mrs. Northrup's testimony is to the same effect. Thus there is a clear-cut and well-defined issue of fact presented concerning the facts and circumstances surrounding the delivery of the shares as well as the purpose of such delivery.

■ Another reason is quite evident why the summary judgment motion must be held to be improperly granted. The only testimony in support of Mrs. O'Brien's contention is her own evidence, as set forth above. Mrs. O'Brien is definitely an interested witness. Even if it could be said that her testimony was uncontradicted, which it is not, such cannot be considered as doing more than raising an issue of fact since the same is definitely not of such a nature as to come within the exception to the rule as reannounced by the Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (1965). To come within the exception the testimony of the interested party must be clear, direct and positive and there must be no circumstances in the evidence tending to discredit or impeach such testimony. We cannot say that such grounds for exception exist.

The summary judgment is reversed and the cause remanded to the trial court.

Reversed and remanded.