Delivered January 27, 1891.

---

### JOHN H. CARTER v. EVANDER HUBBARD, EXECUTOR, ET AL.

#### No. 3028.

1.   **Jurisdiction of District Court—Amount in Controversy.**—When a plaintiff
in his petition alleges the amount in controversy to be a sum which gives jurisdiction
to the District Court, the jurisdiction can only be questioned by plea alleging that the
amount in controversy is falsely stated for the purpose of conferring power upon the
court to hear and determine the case.

2.   **Same—Injunction — Reconvention.** — It has been often decided in cases in
which the collection of money has been enjoined that the defendant upon proper plead-
ing and proof may have a judgment for his debt, although the amount be not sufficient
to give jurisdiction to the court in the original action.

3.   **Same.** — Where a plaintiff sues in the District Court on a debt less in amount
than $500 and to enforce a lien on land, when it is found that no lien exists the suit
will be dismissed for want of jurisdiction.

4.   **Case in Judgment.** — Carter, a creditor whose claim is less than $500, sued

Hubbard, executor of Davis, and Cox to annul a deed from the testator to Cox conveying a tract of land, etc., and to establish his claim against the estate. Carter failing in the other parts of his action, his money claim could not be considered in the District Court for want of jurisdiction over the amount.

APPEAL from Fayette.   Tried below before Hon. H. Teichmueller.

The statement of the case by appellant is adopted.   In August, 1888, Mrs. P. W. Davis, a single person, died, leaving an independent will, with Evander Hubbard executor, who duly qualified as such.   Prior to making the will she gave J. B. Cox all the property she had, which consisted of about 40 acres of land and $1000 in money; she also gave the same to Hubbard by and through her will.   Hubbard having gotten possession of the deed conveying the land to Cox, and also the $1000, refused to surrender it.   Cox thereupon brought a suit against Hubbard in 1889, and recovered a judgment for the land and money.   Thus matters stood when the plaintiff filed this suit.   Plaintiff being the only unsatisfied creditor of Mrs. P. W. Davis brought this suit (1) to cancel the deed to Cox; (2) to vacate and set aside the judgment rendered between Cox and Hubbard; (3) to establish plaintiff's claim as a legal and valid debt against the estate of Mrs. P. W. Davis; and (4) to have the property vested in Hubbard as executor with instructions to pay plaintiff's debt, alleging that the property in controversy was liable to pay debts with, and that Cox was insolvent.

The claims of plaintiff amounted to less than $500.   Defendants Cox and Hubbard were made parties defendants and filed numerous exceptions, all of which were overruled or waived.   On the 2d day of June, 1890, the cause was tried without a jury, and the court rendered a decree giving the defendant Cox full relief.   It dismissed the cause against Hubbard without prejudice to the bringing of a new suit.   The refusal to establish the claim of plaintiff against Hubbard was on two grounds—first, that the amount was below the jurisdiction of the court, and second, because the pleadings would not justify such a decree.   From this decree the plaintiff appealed.

*Moore & Duncan,* for appellant.— 1. The court erred in holding "that neither the amount of plaintiff's claim nor the alleged relations among the parties to this suit entitled the plaintiff to a judgment establishing his claims against the estate of Mrs. Davis, deceased," because the court had ample jurisdiction to grant relief and adjudicate all matters in controversy as presented by either party.   Willis v. Gordon, 22 Texas, 241; Stein v. Frieberg, 64 Texas, 273; Hale v. McComas, 59 Texas, 486; Seymour v. Hill, 67 Texas, 385.

2.   The court having obtained jurisdiction of this cause and all the parties, can and ought to retain it for every purpose, and can decree full and final relief as between all parties without remitting them to another jurisdiction.

3.  After the lapse of twelve months an independent executor refusing to pay the debts of the estate which he represents, or being unable to pay them, can be sued and the claims in that way can be legally established against said estate; and if he has funds in his hands which he obtained from the estate there need be no allegations to set aside the process by which he obtained the funds.  If the defendant Hubbard received $1000 and it was the property of the Davis estate, it was not necessary or incumbent on the plaintiff to impeach or vacate the decree which gave him the property.

No brief for appellees.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellant as a creditor of the estate of Mrs. P. W. Davis, deceased, against appellee Hubbard as executor of her will, and against appellee Cox to cancel a deed made by the testatrix in her lifetime to Cox, and to have a sum of money, in amount $1000, in the hands of the executor, but claimed by Cox as having been given to him by the testatrix, adjudged the property of the estate.
The amount of plaintiff's claims against the estate was less than $500.
It was alleged that the conveyance was fraudulent as to creditors.  In the original petition it was also alleged that Cox had brought suit against the executor for the possession of the deed, then in possession of the latter, and for the recovery of the money, in the District Court of Fayette County, and that he had obtained a judgment for both, from which the executor had appealed to the Supreme Court, where the appeal was then pending.  Subsequently an amendment to the petition was filed in which it was alleged in substance that the cause had been finally determined in this court, and that the judgment of the court below had been reversed and a judgment had been here rendered for Cox for the deed and in favor of the executor as to the money.
The case now before us was tried by the court below without a jury, and the trial judge, after hearing the evidence, dismissed the plaintiff's suit without prejudice to his right to bring an action against the executor for the establishment of his claims against Mrs. P. W. Davis's estate.
At the request of the plaintiff the judge filed the following conclusions of fact and law:
"1.  Mrs. Davis made the conveyance of the land in controversy to J. B. Cox, nominally in consideration of the sum of $560, in fact, however, in consideration of services rendered her by Cox for a number of years of greater value than the land conveyed.
"2.  That at the time of making said conveyance to Cox Mrs. Davis owned property of value exceeding her liabilities.
"Conclusions of law:

"1.    It is held that the conveyance from Mrs. Davis to Cox is for a valuable and adequate consideration and not in fraud of creditors.

"2.    That the defendant Cox is entitled to a judgment quieting his title to the land in controversy.

"3.    That neither the amount of plaintiff's claims nor the alleged relations among the parties to this suit entitle the plaintiff to a judgment establishing his claims against the estate of Mrs. Davis, deceased; and in the absence of allegations charging the gift (the gift of Mrs. Davis to Hubbard of a certain sum of money) as having been made in fraud of creditors, no judgment is warranted to set aside said gift as fraudulent or to adjudge the liability of Hubbard either individually or as independent executor to the payment of plaintiff's claims.

"4.    It it therefore held that the suit of plaintiff against Hubbard be dismissed without prejudice to him."

There were additional findings filed by the judge, but in the view we take of the case they need neither be quoted nor recited.

The appellant acquiesces in the judgment in favor of Cox, but complains in effect that the court erred in not rendering judgment in his favor against Hubbard, executor, and in dismissing his suit.

When the court denied the relief prayed for as against Cox, did it have jurisdiction to give judgment for the appellant for his debt? It is well understood that when a plaintiff in his petition alleges the amount in controversy to be a sum which gives jurisdiction to the District Court, the jurisdiction can only be questioned by a plea which alleges that the amount in controversy is falsely stated for the purpose of conferring power upon the court to hear and determine the case.

It has also been often decided in cases in which the collection of money has been enjoined that the defendant, upon proper pleadings and proof, may have a judgment for his debt, although the amount be not sufficient to give jurisdiction to the court in an original action.    Willis v. Gordon, 22 Texas, 241;  Edrington v. Allsbrooks, 21 Texas, 186;  Witt v. Kaufman, 25 Texas Supp., 384;  Stein v. Frieberg, 64 Texas, 271;  Seymour v. Hill, 67 Texas, 385.

But on the other hand it has been expressly held in more than one case that when a plaintiff sues in the District Court on a debt less in amount than $500 and to enforce a lien on land, and where it is found that no lien exists the suit will be dismissed for the want of jurisdiction.    Cameron v. Marshall, 65 Texas, 7;  Snyder v. Wiley, 59 Texas, 448;  Barnes v. White, 53 Texas, 628.    See also Girardin v. Dean, 49 Texas, 243;  Watson v. Bonner, 6 Texas, 172.

The question in a different form was considered in the case of Blum v. Strong, 71 Texas, 321, and was in the original opinion found in favor of the jurisdiction; but upon a motion for rehearing it was discovered that

the plea of privilege, which was intended to raise the question in the court below, had not been properly presented and therefore the point was left undecided.

The cases of Cameron v. Marshall, Snyder v. Wiley, and Barnes v. White, above cited, are analogous to the present case and involve the same principle. They are decisive of this appeal. They may not appear altogether consistent with the rules laid in the injunction cases; but the two classes are distinguishable. In the lien cases the plaintiff comes into court of his own volition, and having failed to establish the allegation which conferred the power to hear and determine the case, it is proper that the court should refuse relief upon a cause of action of which standing alone it could not originally have entertained jurisdiction. In the injunction suits the plaintiff gives jurisdiction, and the defendant being an involuntary party is permitted to set up in reconvention a cause of action growing out of the same subject matter as that alleged in the petition, although the court could have no jurisdiction over it as an original action. The decisions which hold that a plaintiff may allege his debt or damages at a sum within the jurisdiction of the court, and may in the absence of a plea calling in question the good faith of the allegation recover an amount not within it, stand upon still a different principle. The question can only arise when the amount sought to be recovered is uncertain, and being uncertain, the plaintiff should not fail of his action because he has failed to recover more than $500, although he has in good faith laid his damages at an amount greater than that sum. In fact, when the amount of the debt or damages is uncertain the sum bona fide alleged in the petition is the amount in controversy. ·

If the court had had jurisdiction the appellant would have been clearly entitled to a judgment against Hubbard as executor. Whether he would have been entitled to a judgment against him in his individual capacity in any court we need not inquire. Even if so entitled the court below did not have jurisdiction of this case.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered January 27, 1891.