J. T. Garrett et al. v. Sam Robinson et al.

No. 878. Decided March 5, 1900.

</div>

1. **Jurisdiction—Amount in Controversy—Offset.**

The jurisdiction of the district court over a suit to foreclose a lien on land, included, as a part of the power to pass on plaintiff's claim, the power to determine any matter of defense which could be plead against it,—such as an offset, though not large enough in amount to give jurisdiction in an independent suit; and incidental to this the court had power to determine the whole question of indebtedness between the parties, and to render judgment for him in whose favor a balance was found to exist. (P. 412.)

2. **Offset—Judgment for Excess.**

Where, to a suit in district court on a note and mortgage for $300 by an assignee after maturity, defendant plead in offset a note for $349 given by the payee, who became a party to the suit, such court had jurisdiction to give defendant judgment against such original payee for the excess of his offset over the note sued on. (Pp. 410, 412.)

3. **Parties—Amended Pleadings—Omission of Name.**

One who has voluntarily made himself a party plaintiff to a suit is not dismissed therefrom, so as to prevent judgment against him on defendant's counterclaim, merely by the omission of his name from a subsequent supplemental petition. (Pp. 412, 413.)

4. **Offset—Verdict—Judgment.**

Under a charge that, if a note of D. T. R. pleaded in offset were found to be paid, the verdict should be for plaintiff S. R. for the amount of the note sued on, and,

if it were not found paid, the verdict should be for defendant for its excess over the note sued on, a verdict to the latter effect authorizes a judgment that S. R. take nothing, treating his note sued on as canceled by the offset. (P. 413.)

**5. Charge—Payment—Cancellation.**

See charge on issue of payment, requiring the note in question to have been "paid and canceled" in order to disallow it, held not liable to mislead as applied to the evidence. (P. 413.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Rusk County.

Sam Robinson sued Garrett and wife on a note given to D. T. Robinson, who was made a party by defendants. Defendants had judgment and the Robinsons appealed. The judgment was reversed and remanded, and appellees thereupon obtained a writ of error on the ground that the ruling settled the case.

*J. H. Turner*, for plaintiffs in error.—Sam Robinson having received it (the note sued on) after maturity, the note was subject to all offsets and defenses that the makers had, before it was transferred, against the original payees. Garrett v. Robinson, 43 S. W. Rep., 289; Rev. Stats., art. 307, 750, 1266; 34 S. W. Rep., 356.

Appellants, having failed to object to the plea of counterclaim and set-off in the lower court, waived their right to do so in this court. Garrett v. Robinson, 43 S. W. Rep., 289; Wentworth v. King, 49 S. W. Rep., 696; 37 S. W. Rep., 868; 44 S. W. Rep., 1015, 1016.

D. T. Robinson having entered his appearance, and the court having jurisdiction of the original suit, even though there had been an objection to the plea of counterclaim and offset, both claims being liquidated, and the court, being of general jurisdiction, the law, abhorring a multiplicity of suits, will settle all matters and disputes between all the parties. Rev. Stats., art. 752; Peticolas v. Carpenter, 53 Texas, 27; Templeman v. Gresham, 61 Texas, 53; Chambers v. Cannon, 62 Texas, 294; Greathouse v. Greathouse, 60 Texas, 597; Fry v. Houston, 6 Texas Civ. App., 710.

Both claims being liquidated and past due and in the same right, even though appellants had not waived their right to object, they would be available one against the other equally as though they had grown out of the same transaction. Rev. Stats., arts. 750, 309; 1 White & W. C. C., secs. 618, 619, 620.

The statutes prescribe in whose favor judgments shall be rendered in cases of set-off. Art. 752. District courts grant such relief as party is entitled to in law and equity. Rev. Stats., art. 1106. When the statute prescribes the specific relief, etc., it is the duty of the courts to render their judgment or decree accordingly without regard to prayer for relief, etc. Hipp v. Hutchet, 4 Texas, 21; Nash v. George, 6 Texas, 238; Wintz v. Morrison, 17 Texas, 388; Farrar v. Beeman, 63 Texas, 180; Silberberg v. Pearson, 75 Texas, 288; 83 Texas, 301. Verdict cures any formal defect in pleading. 1 W. & W. C. C., secs. 1093, 1184.

The verdict in this case, being in conformity with the pleadings, charge of the court, and evidence, is sufficient to support the judgment. Jones v. Ford, 60 Texas, 130; Kinkler v. Junica, 84 Texas, 120; Railway v. James, 73 Texas, 18; 12 Texas, 58; 64 Texas, 343; 71 Texas, 718; 79 Texas, 691; Silberberg v. Pearson, 75 Texas, 288.

The jury could not have found a verdict in appellees' favor for the amount it did without taking into consideration the note sued on, as they were directed by the court to do and did. Hence it was a finding that plaintiff was not entitled to recover. The pleadings, evidence, and charge all raised the question of the payment of this $349 note and no other.

*John R. Arnold,* for defendants in error.—If appellees desired relief on their claim they should have brought suit thereon in some court having jurisdiction of the amount. Boudon v. Gilbert, 67 Texas, 691; 22 Am. and Eng. Enc. of Law, 273, 266, and note 3, pp. 380, 381; Gimbel v. Gomprecht, 89 Texas, 499.

The limit of a court's jurisdiction applies as well to defendants' claim of offset as to plaintiffs' demand. Crosby v. Crosby, 49 S. W. Rep., 359; Cain v. Culbreath, 35 S. W. Rep., 809; Thomas v. Hill, 3 Texas, 272; 12 Am. and Eng. Enc. of Law, 286, notes 1 and 2.

The $349 note set up by the Garretts must have been such as to entitle them to affirmative relief in the District Court if plaintiff had dismissed his suit. Brown v. Pfouts, 53 Texas, 223.

The district court is as powerless to pass on amounts below its jurisdiction as justice or county courts to pass on amounts above their jurisdiction.

The District Court had jurisdiction of the $300 note sued on by plaintiff only by reason of its being vendor's lien on land. Rev. Stats., art. 1098, secs. 4, 6; Snyder v. Wiley, 59 Texas, 449; Cameron v. Marshall, 65 Texas, 12.

The District Court had no jurisdiction of the $349 simple promissory note set up by the Garretts' answer, to render any judgment for the amount or excess thereof against D. T. Robinson or the plaintiff. Rev. Stats., art. 1098, sec. 6.

The Garretts' pleading must state the nature of the relief which they required of the court against the defendant D. T. Robinson. Rev. Stats., 1191, 751; 1 White & W. C. C., sec. 873.

The trial court could grant only the relief asked for by the Garretts against defendant D. T. Robinson. Moreland v. Barnhart, 44 Texas, 275, 283; Peet v. Hereford, 1 White & W. C. C., secs. 874, 875; Oustott v. Oustott, 27 Texas, 645.

It was error to give judgment for more than prayed for in pleadings. Pinchain v. Collard, 13 Texas, 335; Blum v. Ferguson, 1 White & W. C. C., sec. 851; Moore v. Guest, 8 Texas, 119; Menard v. Sydnor, 29 Texas, 257.

The verdict disposing of supposed issues between the defendants Garretts and defendant D. T. Robinson, can not be the basis of a judgment between the plaintiff, Sam Robinson, and the defendants Garretts.   Anderson v. Webb, 44 Texas, 150.

The verdict, to be basis of a judgment between the plaintiff, Sam Robinson, and the original defendants, Garretts, must find the issues between them.   Ryan v. Hays, 62 Texas, 53 and 46; Levy v. McDowell, 45 Texas, 226; Clendenning v. Mathews, 1 W. & W. C. C., secs. 905-907.

The verdict, to support a judgment, must dispose definitely of all of the issues and parties to a suit.   Dodd v. Gaines, 82 Texas, 432; Huyler v. Dahoney, 48 Texas, 238; Moore v. Moore, 67 Texas, 296.

Between original parties, in suits where there is a cross-action in the nature of a counterclaim   *   *   *   then are two cases triable together.   Crosby v. Crosby, 49 S. W. Rep., 359.

Issues found between the original defendants, Garretts, and the defendant D. T. Robinson, do not determine the issues between the original defendants, Garretts, and the plaintiff Sam Robinson.

The court erred in rendering judgment on the verdict returned in this case, because the same is indefinite and uncertain.   As to the true construction of such a verdict, neither the lower court nor this court is permitted to speculate.   Moore v. Moore, 67 Texas, 297.

It was requiring too much of the plaintiff to show that the full agreement was that the $349 note was "settled" in the "trade," and then or after to be "canceled."   For meaning of "cancel," see 2 Am. and Eng. Enc. of Law, 718, and of "settle," 22 Am. and Eng. Enc. of Law, 466.

It required the mutual consent of the wives of Robinson and of Garrett when the consent or agreement of J. T .Garrett and D. T. Robinson was sufficient.   Rev. Stats., art. 2968.   Paragraph 5 required only the consent of "Robinson and Garretts," and paragraph 6 required the consent of all parties to the deed from Robinson and wife to Garrett and wife.

The court erred in the sixth paragraph of its charge by telling the jury, if they found that the $349 note "should be allowed as an offset against the note sued on" by plaintiff, Sam Robinson, then "the defendants should have a verdict against D. T. Robinson" for the excess, "as hereafter explained;" and in the seventh paragraph by directing the jury to give a verdict for defendants Garretts against defendant D. T. Robinson for this remainder with the interest thereon. Because (1) the $349 note was set up as an "offset against the note sued on" by Sam Robinson and was not a "counterclaim" against the plaintiff, Sam Robinson, nor an original or cross-action by "defendants Garretts against defendant D. T. Robinson." (2) "The defendants Garretts" had no pleading warranting such a recovery in this suit "against defendant D. T. Robinson;" (3) the trial court had no jurisdiction of the amount of the $349 note or any part of it.

The $349 note must have been owing from all the plaintiffs to all

the defendants, to be offset. Sayles, Stats., art. 750, note 2; 22 Am. and Eng. Enc. of Law, 281, 287, 319.

The note sued on by plaintiff was transferred to him November 10, 1894, and the $349 note set up by defendants was not due till November 15, 1894, thereafter, and could not be offset by Garretts against plaintiff, Sam Robinson, in this suit. 22 Am. and Eng. Enc. of Law, 301, note 1.

The District Court was without jurisdiction of the $349 note as offset. Rev. Stats., art. 1098, sec. 6.

A counterclaim or set-off can be maintained only in a court having original jurisdiction of the amount set up by such claim. Boudon v. Gilbert, 67 Texas, 691; Gimbel v. Gomprecht, 89 Texas, 499; 22 Am. and Eng. Enc. of Law, 273, 266, and note 3, pp. 380, 381.

The only jurisdictional fact alleged or shown was the claim of a lien on land to secure the payment of plaintiff's $300 note. That courts will not entertain jurisdiction over matters not conferred by law simply because such is set up between parties to a suit over which the court has jurisdiction, is clearly shown in Wharf Company v. Railway, 72 Texas, 554. It has been repeatedly held by this court that where a trial court has jurisdiction only because of lien on land, after having tried the cause and found against the lien, it was the duty of the trial court to dismiss the case. Carter v. Hubbard, 79 Texas, 359; Tipen v. Lloyd, 52 S. W. Rep., 982, 983. If this is to be followed, there is no merit in the contention that the trial court, having begun a case under claim of jurisdiction, will hear and determine all matters connected therewith or injected therein. Where the amount in controversy has been reduced below the jurisdiction of the trial court by limitation, it is the duty of the court to dismiss (Lowe v. Dowbarn, 26 Texas, 510); and likewise if the amount is reduced by res adjudicata below the jurisdiction of the trial court it must dismiss the case. Girardin v. Dean, 49 Texas, 248; Bonner v. Watson, 6 Texas, 172. In these cases it required a trial of part of the issues before the dismissal.

WILLIAMS, ASSOCIATE JUSTICE.—This suit was brought June 15, 1896, by Sam Robinson against John T. Garrett and his wife, Josie Garrett, to recover the amount of a promissory note executed by Garrett to D. T. Robinson, and by the latter transferred to plaintiff November 10, 1895, and to foreclose a vendor's lien upon land for a part of the purchase money of which it was given, Mrs. Garrett being made a party because she claimed some interest in the land. The defendants answered July, 1896, pleading in abatement the plaintiff's want of capacity to sue because he was a minor. They also alleged that the note sued upon had been transferred by D. T. Robinson to the plaintiff, after its maturity and without consideration, for the purpose of defeating an offset which they held against it, and that D. T. Robinson was still the real owner of it. They then pleaded, in offset against the note sued on, a note executed by D. T. Robinson and his wife, E. O. C. Robinson, on May

18, 1894, payable November 15, 1894, to J. T. Garrett or Josie Garrett. The plea contained all the allegations of fact essential to a petition against D. T. Robinson for a recovery against him, and closed with the statement that the defendants "are ready and willing and hereby offer to set off and allow to the said D. T. Robinson an equal credit on his said note with the amount of the note here sued on, and they pray that this may be done and for all general or special relief to which they may be entitled in law or equity." There was no prayer that D. T. Robinson be made a party nor for a judgment against him.

In January, 1897, a plea styled first supplemental petition was filed, in which the plaintiff, Sam Robinson, and his father, D. T. Robinson, who then first became a party, replied to the defendant's answer and stated that, if it be true that Sam Robinson was a minor, D. T. Robinson appeared as his next friend, and adopted the pleadings filed by him and prayed for all the rights and remedies to which plaintiff may be entitled; and further stated that if it should be found that Sam Robinson had no title to the note sued on, then that D. T. Robinson made himself party plaintiff, adopted the pleadings of plaintiff, and prayed for judgment on the note sued on and for foreclosure of the lien. The supplemental petition met the plea of set-off by alleging payment of the note therein set up.

On July 14, 1896, another plea, styled "first amended supplemental petition," was filed, which begins: "Now comes the plaintiffs," and proceeds to allege that if Sam Robinson was a minor at any time since the bringing of the suit, he had long since become of age, and to repeat and amplify the allegation of payment of the note pleaded by defendants as an offset. In this pleading, D. T. Robinson's name is omitted. After the parties had announced ready for trial, the defendants dismissed their cross-bill as to E. O. C. Robinson, the wife of D. T. Robinson, who had not been served, and their counsel called the attention of the court to the fact that an appearance had previously been entered for D. T. Robinson by pleadings filed in the case and that he was omitted from the supplemental petition last above stated, and asked leave to withdraw their announcement of ready for trial in order to make him a party upon their cross-petition on the note pleaded in offset. Thereupon, D. T. Robinson, being present in court, entered his appearance and adopted the pleadings of plaintiff contained in the amended first supplemental petition, which was done by consent of all parties. The trial then proceeded.

The only question of fact in dispute was as to whether or not the note pleaded in offset by the defendants had been paid, and upon it there was a conflict of evidence. The court submitted that question alone to the jury, instructing them that if they should find that the note had been paid, they would return a verdict for the plaintiffs for the amount of the note sued on and for a foreclosure of the lien alleged by them; but that if they should find that the note pleaded in offset had not been paid, they would return a verdict against D. T. Robinson in

favor of the defendants for the balance thereof, after deducting the amount of the note sued on by the plaintiff. The jury returned this verdict: "We, the jury, find against D. T. Robinson in favor of defendants for fifty-nine and 13/100 dollars ($59.13)." Upon this verdict, judgment was entered that Sam Robinson take nothing and that the defendants recover of D. T. Robinson the sum found.

On appeal by the Robinsons, the Court of Civil Appeals held that the District Court had no jurisdiction to entertain the counterclaim pleaded by the defendants, and reversed the judgment, but remanded the cause in order that defendants might, if they could, show. the insolvency of D. T. Robinson and a necessity for the exercise of the equitable powers of the District Court. This writ of error was applied for and granted on the ground that the judgment of the Court of Civil Appeals practically settled the cause, applicants stating that they could not show the facts held essential by that court to entitle them to enforce their claim in the District Court.

1. The jurisdiction of the District Court over the cause of action asserted by the plaintiff included the power to determine any matter of defense which the law entitled the defendants to plead against it. The set-off was a defense, which, if established, defeated plaintiff's right to recover. This jurisdiction was a part of the power to pass upon plaintiff's claim and it was not essential to it that the offset pleaded should have been large enough in amount to have given the court jurisdiction of it in an independent suit to recover the debt. It is equally true that, being invested with jurisdiction to determine plaintiff's cause of action, the court had the incidental power to determine the whole question of indebtedness between the parties, and to render judgment in favor of him in whose favor a balance was found to exist. Rev. Stats., arts. 750-752.

We conclude that the Court of Civil Appeals erred in reversing the judgment of the District Court upon the ground stated, and it therefore becomes necessary that we determine whether or not other ground for reversal is made to appear by the brief of defendants in error filed in that court.

2. We think that, from what has been said, it follows, under our decisions, that, as D. T. Robinson became a party to the action and was a proper party to the issue made by defendants in presenting their off-set in order that their rights might be fully adjudicated, the jurisdiction of the court over the main cause of action included the power not only to adjudge that the note sued on by plaintiffs was satisfied by that pleaded by the defendants, but to give judgment for defendants for the balance of the latter note. Peticolas v. Carpenter, 53 Texas, 23; Chambers & Thigpen v. Cannon, 62 Texas, 294.

3. To entitle defendants to a judgment against D. T. Robinson for the balance due on his note after satisfying that sued on, their pleadings must have been sufficient to authorize such relief. Had D. T. Robinson been the plaintiff when defendants' answer was filed, no serious question

as to its sufficiency to entitle them to judgment, under the statute, for such balance could arise. He was not then a party and defendants did not ask that he be made such, but they could, at any time, have caused him to be brought in. All necessity for their doing so was removed by his voluntarily appearing and adopting the pleadings of the plaintiff, virtually assuming the attitude of a plaintiff seeking to enforce the demand sued on. The fact that his name was not mentioned in the supplemental petition last filed can not be held to have had the effect of dismissing him from the cause, if, indeed, he or the original plaintiff could have taken him out of it in this way. That such was not the purpose or effect of such pleading is put beyond doubt by the action which was taken as above stated. The purpose of retaining him could only have been that the proper judgment might be rendered upon the determination of the only issue made, as to payment of the note alleged by defendants.

4. The verdict must be construed in connection with the charge. Under the charge, one of two verdicts must have been rendered, viz.: (1) In favor of plaintiff, Sam Robinson, against defendants for the amount of the note sued on and foreclosure of lien, if the note pleaded in set-off had been paid; (2) in favor of defendants against D. T. Robinson for the balance of the set-off, after deducting the amount of the note sued on, if the first named note had not been paid. Under this charge, the latter verdict comprehended the whole issue submitted and was sufficient.

5. The charge of the court, in using the language "paid and canceled" with reference to the payment of the note pleaded by defendants, was not calculated to mislead the jury into believing that such note must have been both paid and formally canceled. The charge evidently means an agreement between the parties that, in the conveyance of the land to the Garretts, in which it was claimed the note had been satisfied as a part of the consideration for such conveyance, the note should be paid and canceled. This was the agreement which plaintiff's evidence tended to prove and defendants' evidence to disprove. Nor was the charge misleading in requiring the agreement of all parties to that transaction,—Robinson and wife and Garrett and wife. The agreement pleaded by plaintiffs and testified to by their witnesses was one to which all of these persons were parties. The defendants merely denied such agreement. The jury, under the evidence, could not have found an agreement to which Garrett was a party and his wife not a party. There was no error in submitting the issue as the parties made it.

6. There are some other assignments of error, but none of them present any reason for reversing the judgment or are of sufficient importance to require further comment.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*