### BEAUCHAMP v. PARRISH et ux.

(Court of Civil Appeals of Texas. Texarkana. May 16, 1912. Rehearing Denied June 6, 1912.)

1. MORTGAGES (§ 608½*) — ABSOLUTE DEED AS MORTGAGE—PLEADINGS—JURISDICTION.

Where a petition alleged that plaintiff was indebted to defendant in the sum of $300, and that, to secure the payment thereof, he conveyed by an instrument in form a deed, but in fact a mortgage, land described forming a part of his homestead, and prayed for a recovery of the land, and asked that on the refusal to cancel the deed and render judgment for the land, the court should find that the deed was given to secure the payment of $300, and averred that defendant subsequently sold the land to codefendant for $450, and that plaintiff should have judgment against defendant for the difference, the court, on finding that the deed was a mortgage, had jurisdiction to render a money judgment for plaintiff against defendant based on the difference between the indebtedness and the proceeds of the sale to codefendant.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1815; Dec. Dig. § 608½.*]

2. COURTS (§ 27*)—INCIDENTAL JURISDICTION.

A decree incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to a final decision of the controversy between the parties, is within the jurisdiction of the court under the theory that a multiplicity of suits growing out of the same subject-matter must be avoided, and all controversies settled in one suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 84–87; Dec. Dig. § 27.*].

3. COURTS (§ 2*) — JURISDICTION — ALLEGATIONS OF PETITION.

The allegations of the petition control in determining the question of the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1; Dec. Dig. § 2.*]

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Action by J. A. Parrish and wife against H. M. Beauchamp. From a judgment for plaintiffs, defendant appeals. Affirmed.

E. W. Hooker and Carter & Walker, all of Center, for appellant. Anderson & Davis, Davis & Davis, and J. M. Sanders, all of Center, for appellees.

WILLSON, C. J. Appellees, husband and wife, were the plaintiffs below. In their petition, after making the allegations usually made by the plaintiff in a suit of trespass to try title, they alleged that on May 13, 1907, appellee J. A. Parrish was indebted to appellant in the sum of $300, and that, to secure the payment of a note evidencing the indebtedness, they conveyed to him by an in-

strument in form a deed, but in fact a mortgage, 11¼ acres of land, a part of their homestead. They then alleged as follows: "Further, plaintiffs say that should they be mistaken as to said land being a part of their homestead, and, should the court refuse to cancel said deed and give them judgment for the land, then they say that the said deed as before charged was given as a security to secure the payment of the $300 note stated above, and was so accepted and regarded by all the parties thereto at the time the same was executed, and that the said Beauchamp afterwards sold the land to the defendant John Mills for the sum of $450; that at and before the time of the sale the defendant Beauchamp and the plaintiff J. A. Parrish had an agreement in which it was agreed that the defendant Beauchamp would sell the land to Mills for the sum of $450, and from the proceeds of the sale he was to reserve to himself the sum of $300 to pay the note which had been given him, and was to pay over the remainder, $150, to the plaintiff Parrish; that the defendant Beauchamp, in pursuance to such agreement, sold the said land to the said Mills for $450, and from the amount received paid himself the $300, and of the $150 agreed to be paid by him to the plaintiff Parrish he has paid to the said plaintiff $40, and has appropriated the remainder of the $150, to wit, $110 to his own use and benefit, and has failed and refused to pay the same to the plaintiff, or any part thereof, although the plaintiffs have often demanded of him such payment." Appellees further alleged that Mills, whom they made a defendant with appellant, at the time he purchased the land of the latter, knew it was a part of their homestead. They prayed for a recovery of the land; and, in the alternative, for a recovery of the sum of $110 as the balance due them of a sum representing the difference between the sum they owed Beauchamp and the sum paid to him by Mills for the land. A trial before the court without a jury resulted in a judgment in favor of appellees against appellant for the sum of $75.

[1] Appellant insists that the court, having determined that appellees' claim of a right to recover the land was not established, did not have power to grant the alternative relief they prayed for. As supporting his contention, appellant cites Carter v. Hubbard, 79 Tex. 359, 15 S. W. 392; Storrie v. Woessner, 47 S. W. 837; and Ry. Co. v. Winder, 26 Tex. Civ. App. 263, 63 S. W. 1043. The case first mentioned was expressly overruled by Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881. The other two cases were decided on the authority of the overruled case, and should be regarded as also overruled. Another and the only other case cited by appellant is Robinson v. Garrett, 54 S. W. 269. There the plaintiff by a suit in the district court sought a recovery on a note for $300

and the foreclosure of a lien on land given to secure it. The defendant set up as an offset against the plaintiff's demand the latter's unsecured note in his [defendant's] favor for $369, and recovered a judgment against the plaintiff for a sum representing the difference between the amount of the two notes. The Court of Civil Appeals was of the opinion that it appeared that the defendant's cause of action on the note he set up was not connected in any way with that asserted by the plaintiff, and reversed the judgment on the ground that the trial court was without power to render it. The Supreme Court, having granted a writ of error in the case, reversed the ruling made by the Court of Civil Appeals, holding that the trial court, "being invested with jurisdiction to determine plaintiff's cause of action, had the incidental power to determine the whole question of indebtedness between the parties, and to render judgment in favor of him in whose favor a balance was found to exist." 93 Tex. 412, 55 S. W. 564.

[2, 3] The power of the court to render the judgment it did render in the case before us we think fairly can be referred to the principle recognized in Chambers v. Cannon, 62 Tex. 295, where the Supreme Court said: "All that is necessary to the exercise of the jurisdiction once obtained is that the subject to be embraced in the decree is something incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to a final decision of the whole controversy between the parties. This principle is peculiarly applicable to our system of jurisprudence, the theory of which is that a multiplicity of suits growing out of the same subject-matter must be avoided, and all controversies so far as they are germane to the original cause of action settled in the same suit." And see Stacy v. Campbell, 45 S. W. 759; Peticolas v. Carpenter, 53 Tex. 23; Telegraph Co. v. Arnold, 97 Tex. 375, 77 S. W. 249, 79 S. W. 8. As shown by the allegations in the petition, which control in determining the question as to the jurisdiction of the court, appellees sought to recover the land, or, in the alternative, the excess over $300 paid by Mills for it. Unquestionably the court had power to determine the controversy presented as to the ownership of the land. Involved in that controversy was the question as to whether the instrument appellees alleged they executed was intended by the parties to it to operate as a deed or as a mortgage. The same question was involved in the controversy as to whether appellees were entitled to recover of appellant the excess over $300 paid to him by Mills. A finding that the parties intended the instrument to operate as a deed would have required a determination against appellees of both the controversies presented by the pleadings. A finding

to the contrary would have established appellees' right to the alternative relief asked, had it been determined that they were not entitled to recover the land. In other words, in determining the controversy of which it unquestionably had jurisdiction, the court necessarily would determine the controversy as to whether appellees were entitled to the alternative relief prayed for or not. It seems to us it would be unreasonable to hold that, having so necessarily determined the controversy, the court was without power to grant the relief its determination in their favor entitled appellees to.

The judgment is affirmed.