## SHIPE v. BARTHOLOMEW. (No. 6725.)*

(Court of Civil Appeals of Texas. San Antonio. March 29, 1922. Rehearing Denied April 19, 1922.)

1. **Courts ⬅⬆26—District court has jurisdiction of plea in reconvention for damages for injunction, less than jurisdictional amount.**

Where the district court had jurisdiction of the original suit because it was for an injunction, a plea in reconvention for damages between the plaintiff and defendant would be sustained, though independently the court would not have had jurisdiction of the amount involved.

2. **Courts ⬅⬆26—District court has no jurisdiction over cross-action between defendants for $300 expended in abating the nuisance.**

In a suit for a mandatory injunction to abate a nuisance, the district court has no jurisdiction of a cross-action by one defendant against another to recover $300 expended by the former in complying with the injunction, since the cause of action on which the cross-action was based did not arise until after the settlement of the controversy between the plaintiffs and defendant, and was to be a new cause of action, which on its face involved less than the jurisdictional amount.

3. **Courts ⬅⬆122 — Jurisdiction is determined from face of pleadings.**

The amount in controversy as shown upon the face of the pleadings determines the jurisdiction of the court.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by E. F. Fields and others against E. C. Bartholomew, M. M. Shipe, and another, to abate a nuisance, in which defendant Bartholomew filed a cross-action against defendant Shipe to recover the cost of abating the nuisance. From a judgment for defendant Bartholomew on his cross-action, after

the nuisance was abated, defendant Shipe appeals. Reversed, and cause dismissed.

White, Wilcox & Graves, of Austin, for appellant.

D. H. Doom, of Austin, for appellee.

COBBS, J. Appellee admits that appellant's statement of the nature and result of the case is correct, except as to the construction placed upon appellee's supplemental answer. The statement is as follows:

"On May 29, 1915, appellees filed their second amended original petition, complaining against appellant M. M. Shipe, appellees E. C. Bartholomew and Patrick Gaffney, alleging that there was a gravel pit located on out lot No. 76, division D, of the city of Austin; that appellee Bartholomew owned a portion of said gravel pit 150x200 feet, located on the north end of said out lot, abutting on Thirty-Eighth street, and that appellee Gaffney owned a portion of said out lot 50x275 feet on its southwest corner; that the balance of said pit was owned by appellant Shipe; that a portion of said gravel pit owned by appellees Gaffney and Bartholomew had become filled with water which had become stagnant, constituting a nuisance; that the excavation in said portion of said pit owned by Bartholomew is deeper than the excavation at any other place in said pit; that the water hole on appellee Batholomew's portion of said pit is the lowest depression in said pit; that appellant Shipe had been engaged for some time in removing gravel from his portion of said pit, particularly from the north and east sides thereof, but ceased after the institution of the suit.

"It is charged that the appellant Shipe and the appellees Bartholomew and Gaffney each had permitted and was maintaining a nuisance on his separate portion of said gravel pit, and praying for a mandatory injunction requiring said parties to drain said gravel pit. By his fiat indorsed on said petition, the court set down said application for a temporary mandatory injunction after hearing on June 4, 1915.

"On June 4, 1915, appellee Bartholomew filed his answer to the petition and prayer for mandatory writ of injunction, denying that the water in said pit constituted a nuisance, and admitting that he owned 150x200 feet of said gravel pit, but alleged his ownership was subject to the right of appellant Shipe to remove gravel and clay therefrom, and that he had no power to prevent the removal of gravel and clay therefrom, and no power to enter upon the property and drain the same, alleging that his rights to his portion of the pit were subordinate to the rights of said appellant Shipe; that he had relinquished all control over said pit, except that he provided in a sale to appellant Shipe that no excavation on the portion of the pit purchased by said Shipe should be made deeper than the excavation on said 150x200 feet owned by appellee Bartholomew.

"On June 4, 1915, hearing was had upon said application for temporary mandatory injunction, and upon said hearing the court entered a judgment and decree, ordering the clerk to issue writs of injunction as prayed for, commanding defendants, and each of them, pending final trial, to drain or otherwise remove from the premises owned and controlled by said defendants, respectively, all stagnant water standing thereon, further ordering that the plaintiffs pay $9 of the costs incurred in such proceeding.

"On September 20, 1915, appellee Bartholomew filed his answer to the merits, admitting that he owned a portion of said pit 150x200 feet, and alleged that his ownership thereof was subject to the right of appellant Shipe to remove gravel and clay therefrom; that he had no right or power to enter upon said property for any purposes, and that his entire right to said property was subject to the right of appellant Shipe; that he had sold all the other portion of said gravel pit formerly owned by him to the appellant Shipe, and relinquished all control over the same, except that he provided in his contract with Shipe that no excavation should be made and left on said 150x200 feet deeper than the lowest point thereof on June 15, 1912; that he could exercise no right or authority over said gravel pit inconsistent with the right of appellant Shipe to remove gravel and clay therefrom; and that if appellant Shipe had left said pit in such condition as to constitute a nuisance, he (Bartholomew) was in no wise responsible therefor, and was powerless to prevent such unlawful use; that in obedience to said mandatory temporary writ of injunction requiring the defendants to abate the nuisance, he (Bartholomew) at his own expense had the tract of land owned by him entirely drained of surface water at the reasonable expense of $300; that the appellant Shipe was primarily responsible for the said nuisance, and wholly failed to repay him (Bartholomew) any part of the expense, and prayed that, in the event temporay injunction was made permanent, appellant Shipe be required to reimburse him for said expense of abating said nuisance, and prayed for the further sum of $38.90 costs incurred by him.

"On March 11, 1921, appellee Bartholomew filed a supplemental answer, in which he set up and alleged that he had drained said pit at the reasonable expense of $300, and paid $38.90 costs, and prayed that, if the injunction sought were refused, he have judgment against E. F. Fields et al., plaintiffs, for said sums and interest, and further alleged the same facts by reference alleged in his answer of June 4, 1915, and prayed that if it was held that a nuisance existed, that he have judgment against the appellant Shipe for said sums of money.

"On March 11, 1921, appellant Shipe filed his amended answer to plaintiffs' petition, denying that he was guilty of maintaining a nuisance, or that any water accumulated on the portion of the pit owned by him, and alleged that, if any water accumulated in said pit, it was on that portion owned by Bartholomew, and that it was not due to any act of his, and expressly denied making any excavation on the portion of the land owned by Bartholomew.

"On March 11, 1921, appellant filed his amended answer to the cross-action of defendant Bartholomew, in which he denied all of the allegations contained in said cross-action, and pleaded that the court had no jurisdiction of the cause, for the reason that it was a suit to abate a nuisance and not for damages; that the court had no jurisdiction with reference to the controversy between Shipe and Bartholomew as to the $339; and further alleged that

the water in the pit accumulated upon the portion of the land belonging to appellee Bartholomew, in which appellant Shipe had no interest and over which he had no control, he having a mere license to take gravel and clay therefrom; that after the granting of said temporary mandatory writ of injunction the appellee Bartholomew drained his land, and in doing so drained all the water out of the pit in question; and that defendant Bartholomew is not entitled to recover anything against appellant Shipe.

"On the 11th day of March, 1921, the cause was heard and taken under advisement, and on the 28th day of April, 1921, the court entered judgment dissolving the temporary writ of injunction, for the reason that it appeared from the evidence that the pit had been drained, and no longer constituted a nuisance, and no necessity existed for continuing said injunction, and adjudged all costs incurred in the case against appellant Shipe, and also rendered judgment against appellant Shipe in favor of defendant Bartholomew on his cross-action for the full amount prayed for, together with all costs of suit, to which action, judgment, and ruling of the court defendant Shipe in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District, at Austin."

The judgment of the court was, among other things:

"* * * Said cause was on the 12th day of March, A. D. 1921, taken under advisement by the court, and on this 28th day of April, A. D. 1921, it appearing to the court that the temporary injunction heretofore granted in this cause on the 5th day of June, A. D. 1915, was properly issued by this court, and it further appearing that the said temporary injunction has been fully complied with by draining the water off the land mentioned and described in plaintiffs' petition so that the said property and premises no longer constitute a nuisance, and no necessity exists for continuing said injunction, it is therefore considered, ordered, adjudged, and decreed by the court that the said injunction be, and the same is hereby, dissolved, and that the plaintiffs do have and recover of and from the defendants all costs in this behalf incurred for which they may have their execution. * * *"

The court then proceeded to further adjudge:

"And it further appearing to the court that the defendant E. C. Bartholomew, in obedience to the writ of injunction heretofore issued in this cause, has incurred reasonable expense of $300 in draining the water from said property in order that said nuisance might be abated, and that all of said expense was incurred by the said defendant E. C. Bartholomew alone, and no part thereof was contributed by the other defendants, although the defendant M. M. Shipe is solely responsible for the conditions existing upon said property which the temporary writ of injunction was issued to correct, it is therefore considered, ordered, adjudged, and decreed by the court that the defendant E. C. Bartholomew, upon his cross-action over and against the defendant M. M. Shipe, do have and recover the said sum of three hundred dollars,

the expense incurred by him in abating said nuisance, with interest thereon from this date until paid at the rate of 6 per cent. per annum, and all costs of suit; and it is further considered, ordered, adjudged, and decreed that the defendant Patrick Gaffney, do have and recover of the said defendant M. M. Shipe all costs in this behalf incurred for which he may have his execution."

The original plaintiffs in this suit were E. F. Fields, Thomas Seekatz, Joe Quinn, C. Loney, Chas. W. Davis, Hugo Leser, H. S. Love, Arthur Leser, B. T. Wright, and J. G. Miller.

There was no prayer for any damages, nor any personal judgment whatever sought in the injunction suit, but simply to require and compel the "defendants to relieve said gravel pit instanter." Sun Co. et al. v. Wyatt, 48 Tex. Civ. App. 349, 107 S. W. 935.

The suit was not against the defendants for creating and maintaining a joint nuisance, but each defendant was sued for creating and maintaining a separate nuisance on his own property, and each one was required to abate or drain the water from that portion of the pit owned by each one separately —not a suit for a joint tort, or to be compensated by a money judgment.

From the view we take of this case, it is not necessary to consider the question raised or theory presented to sustain the judgment, that being joint tort-feasors, appellee had the right by cross-action in this suit to recover from his codefendant, the alleged active tort-feasor, all damages occasioned by the commission of the tort which he abated. Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 846.

[1] When appellee complied with the court's order and in draining his separate part it, eo instanter, caused all the water to leave the pit, and his own act, therefore, rendered it unnecessary for appellant to take any further steps to comply with the order as to his individual part. The water was gone, the nuisance abated, and the court thereupon disposed of plaintiffs' case, as the single purpose for which the suit had been instituted was accomplished. Notwithstanding the abatement of the nuisance, appellee sought still to retain the case in court to adjudicate the controversy between him and appellant by his cross-bill to compel his codefendant to contribute or pay to him the full amount of $339 paid by him in draining the accumulated water from the pit. It is true the district court had original jurisdiction of the original suit, because it was a suit for injunction, and a plea in reconvention for damages would be sustained in such a case as between the plaintiff and defendant, though independently it might not have had jurisdiction of the amount involved. Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556.

[2, 3] As the appellee's cause of action

arose after the settlement of the controversies between the plaintiffs and the defendants, it thereby became, as between appellant and appellee, a new cause of action asserted upon new and independent pleadings in which the claim upon the record shows the amount below the jurisdiction of the trial court. It is too well settled that the amount in controversy shown upon the face of the pleading determines the jurisdiction of the court. Garrett et al. v. Sam Robinson et al., 93 Tex. 412, 55 S. W. 564. As said in King & King v. Porter (Tex. Civ. App.) 229 S. W. 646, the amount in controversy in any case is to be determined by the pleadings upon which the parties go to trial, and is the largest amount for which judgment could be rendered upon the trial. Here they went to trial on $339, the largest amount for which the recovery could be had. McKneely v. Armstrong et al. (Tex. Civ. App.) 212 S. W. 177.

It is apparent that no amount of money was sought in the pleading of plaintiff, it was for an injunction only to abate a separate nuisance created by each defendant. By amended pleadings the amount in controversy sought to be recovered was the first demand for a money judgment, and it was by one tortfeasor defendant against another. This created a new and independent controversy for an amount, not theretofore in controversy, far below the jurisdiction of the trial court, and therefore below the appellate jurisdiction of this court. The judgment of the trial court is therefore reversed, and the cause dismissed.

Reversed and dismissed.