**BAKER et ux. v. BLACK et al.**

**No. 4414.**

Court of Civil Appeals of Texas. Amarillo.

May 6, 1935.

Rehearing Denied June 10, 1935.

Second Motion for Rehearing Denied July 1, 1935.

812

Carl Gilliland, of Hereford, for appellants.

Travis M. Dameron and W. H. Russell, both of Hereford, for appellees.

JACKSON, Justice.

The city of Hereford, a municipal corporation, on February 16, 1932, filed suit in the county court of Deaf Smith county against Omer Baker and his wife, Mrs. Omer Baker, defendants, to recover $170.21 alleged to be due the city as taxes, interest, penalties, and costs, for the years 1925 to 1932, inclusive. The city also sought to foreclose its tax lien alleged to have been properly created by levy and assessment on the defendants' stock and fixtures situated in the Stockmen's Cafe, which were rented to and used by Mrs. Waldrop in conducting the café in a building leased from J. R. Mosley.

The same day, on the affidavit of E. B. Black, the mayor of the city, and the bond filed in connection therewith, the city procured a writ of attachment to be issued and levied on a part of the café property itemized in the officer's return. The officer executing the writ secured the keys, locked up

the building in which the café was conducted, and excluded the defendants and Mrs. Waldrop therefrom.

On April 1st thereafter, the defendants, on their motion, obtained a judgment of the court quashing the affidavit and bond and holding the writ of attachment void. On the same date, by an amended petition, the city dismissed the attachment proceedings, and in August, 1933, dismissed from the docket of the county court its entire suit.

From the date the writ of attachment, issued out of the county court, was levied, up to and including the trial of the instant case, the city retained the keys and kept the building locked in which the property attached, together with all the other café property, was located. Shortly after the attachment was adjudged to be void, the city tendered Omer Baker the keys to the building, which he refused to accept. Some time thereafter the building was broken into by unknown parties, after which the windows were nailed up and a new lock placed on the back door by the city, and subsequent thereto the keys were again offered to Baker, and he declined to accept them.

Based on these facts, some of which are controverted, the appellants, Omer Baker and wife, on July 20, 1933, instituted this suit in the district court of Deaf Smith county against the appellees, the city of Hereford and E. B. Black, to recover the sum of $3,-795.25, the alleged actual value of the café property which appellants claimed was converted, and occasioned their damages in said sum. They also sought exemplary damages, and prayed judgment against each of the appellees for the full amount of their damages, actual and exemplary, and for general and special relief.

The appellees answered by general denial, alleged their offers to return the property, both before and after the attachment proceedings were adjudged to be void, pleaded their good faith in instituting the suit, that they did not direct the manner of levying the writ, that the attachment was quashed, that the taxes sued for were due and unpaid, that the city had a valid lien on the property to secure the payment of such taxes and was authorized summarily to seize and sell the property by virtue of said tax lien or to sequester or attach the same without liability therefor.

In what it designated as a "counterclaim," the city alleged that appellants were still indebted to it for the taxes, interest,

penalties, and costs sued for in the county court, aggregating $173.38; that it had a valid tax lien on the personal property of appellants situated in the Stockmen's Cafe securing the payment of said taxes; that such personal property was furniture and fixtures and included "2 counters, 1 show case, 1 desk, 1 cash register, 5 dining tables, 20 chairs, 16 stools, 1 gas range stove, 1 electric Kelvinator, 1 coffee urn, shelving and back bar, and other articles mentioned in plaintiff's petition"; that the property was of the value of $500, and the city was entitled to maintain its "cross-action" for such taxes and the foreclosure of its lien; that "the plaintiff's cause of action proceeded out of the same act or transaction as the defendant City's demand and suit for taxes; that the said sum of money due the City for taxes, penalties and interest and costs exceeds in value any sum due the plaintiff, Omer Baker, or for damages by reason of the matters alleged in his petition, out of which sum the defendant, City of Hereford, is ready and willing to off-set and allow the plaintiff his full amount of damages, if any."

No issue was submitted to the jury, and in compliance with a peremptory instruction, a verdict was returned in favor of appellees. Judgment was entered that appellants take nothing by their suit against appellees, and that the city recover nothing on its cross-action against appellants.

The appellants challenge as error the action of the trial court in directing a verdict against them because, under the pleadings and the testimony, there were fact issues which, if found in their favor, would have entitled them to a judgment.

Appellees contend that appellants could not recover against the city for conversion of the café property because in attempting to collect the taxes it was exercising a governmental function.

■ The city, in its motion for rehearing, for the first time asserts that the trial court did not have jurisdiction of what it styles its "cross-action" for the collection of taxes, since it alleged that the value of the property on which it sought to foreclose its lien was $500, and hence the judgment entered against the city was without force or effect.

The appellant alleged that the property was of the value of $3,795.25. The uncontroverted proof sustains this allegation of value. This property, according to the pleadings and proof, was the identical property on which appellee sought to foreclose its lien and have the amount of taxes claimed offset against any judgment that appellants might obtain.

"All that is necessary to the exercise of the jurisdiction once obtained is that the subject to be embraced in the decree is something incidental to the cause of action which originally gave the court jurisdiction, or so closely connected with it as to render its determination necessary to a final decision of the whole controversy between the parties. This principle is peculiarly applicable to our system of jurisprudence, the theory of which is, that a multiplicity of suits growing out of the same subject-matter must be avoided, and all controversies, so far as they are germane to the original cause of action, settled in the same suit." Chambers v. Cannon, 62 Tex. 293.

See, also, Garrett v. Robinson, 93 Tex. 406, 55 S. W. 564; Beauchamp v. Parrish (Tex. Civ. App.) 148 S. W. 333, and authorities cited. From the record and these authorities, we conclude that the district court had jurisdiction of the city's offset and counterclaim.

■ The city prosecuted no appeal from the judgment against it on its claim for taxes. It filed no cross-assignment of error, and under the condition of the record, the judgment so far as this appeal is concerned, at least, is final, and we must assume that the city had no valid claim against appellants for the taxes sued for in the county court or in the district court, and had no valid tax lien against any of the café property.

"If a municipality has wrongfully enforced a tax against a citizen, an action lies against the municipality to recover the damages sustained." McQuillen, Municipal Corp. (2d Ed.) vol. 6, p. 373.

■ The appellees insist that appellants, under their pleading, could have recovered for conversion only, and since, in legal effect, they recovered the possession of the property by the order of the court quashing the writ and the dismissal of the attachment proceedings in county court by appellees and their offer to restore the property, the court correctly instructed a verdict in their behalf because appellants' remedy, if any they had, was a suit for damages.

In their pleadings appellants recited the facts which they claimed constituted conversion, alleged the value of the property and averred they had suffered damages in said sum. They also made the necessary allegations to recover exemplary damages;

asked to recover the full amount of their damages, both actual and exemplary; and prayed for general and special relief, both in law and in equity. In our opinion, these pleadings were sufficient to warrant a recovery of damages, and should not be limited to a recovery for conversion only.

The decree of the court holding the attachment proceedings void is not questioned. The execution of the writ of attachment by locking appellants' property in the building and excluding them and their tenant therefrom constituted an actual seizure of the property. Burch v. Mounts (Tex. Civ. App.) 185 S. W. 889; 27 Tex. Jur. 484, § 21.

That the city had no claim for taxes against appellants, and no lien against the café property for such taxes, was adjudicated in this suit. Under this record, the securing of the issuance and levy of the attachment was wrongful, manifestly.

"Whether the sheriff wrongfully took possession of the entire stock of goods, was, we think, merely a question of fact.

"If he did, and the conversion was complete, the fact that he afterwards tendered back the goods, or a part thereof, does not relieve him from full responsibility. A tort is not cured by a tender without acceptance. (Gibbs v. Chase, 10 Mass. [125] 128; Vosburgh v. Welch, 11 Johns. [N. Y.] 175.) The effect of such tender and refusal is discussed by Justice Bronson in Hanmer v. Wilsey, 17 Wend. [N. Y.] 91. The case was one where a horse was seized under an attachment illegally issued, and on the discovery of this fact the constable returned the horse to the stable, and notified the owner, who refused to receive him. In that case, as in this, the plaintiff had, before the proffered return, commenced legal proceedings. He says: 'But, independent of the fact that the plaintiff had commenced legal proceedings, there was no ground for mitigating damages. The horse had been wrongfully taken, and the plaintiff had a right to insist on being paid the value. The actual return of the horse to the plaintiff's stable without his assent was a matter of no legal consequence.' Again: 'It was a matter of no moment to the plaintiff what became of the horse after the original illegal taking. Replacing the animal in the plaintiff's stable without his assent was a nugatory act; it could no more operate to prejudice the plaintiff than any other disposition which the defendant might have made of the property.'" Weaver v. Ashcroft, 50 Tex. 427, 444.

The wrongful seizing and holding of machinery for ten days constitutes a conversion thereof for that length of time. Baldwin v. G. M. Davidson & Co. (Tex. Civ. App.) 127 S. W. 562.

"When a conversion takes place, the person whose property has been taken is not required to take the property back if the wrongdoer tenders the same to him, and such a tender constitutes no defense to the suit for damages for the conversion of the property." King v. Boerne State Bank et al. (Tex. Civ. App.) 159 S. W. 433, 437 (writ refused), and authorities cited.

See, also, Pittman v. Fort Worth Warehouse & Storage Co. (Tex. Civ. App.) 258 S. W. 1105; Kolp et al. v. Prewitt et al. (Tex. Civ. App.) 9 S.W.(2d) 490, and authorities cited.

The authorities above cited announce the measure of damages applicable in this case, and upon another trial should guide the court in charging the jury on that issue.

The motion for rehearing is overruled; the original opinion is withdrawn; and the judgment against appellants is reversed, and the cause remanded.